UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                     :

HIGHLINE CAPITAL MANAGEMENT, LLC,     :       15 Civ. 660 (VEC)

                              Plaintiff,     :

                                     :

                  - against -          :

                                     :

HIGH LINE VENTURE PARTNERS, L.P., HIGH LINE :
VENTURE PARTNERS II, L.P., HIGH LINE      :
VENTURE PARTNERS GP, LLC, HIGH LINE     :
VENTURE PARTNERS GP II, LLC and       :
SHANA FISHER,                      :

                                     :

                       Defendants.     :

                                     :
------------------------------------------------------------------ x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT HIGH LINE VENTURE PARTNERS, L.P.'S COUNTERCLAIMS

TANNENBAUM HELPERN
  SYRACUSE & HIRSCHTRITT, LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
  Attorneys for Plaintiff Highline
  Capital Management, LLC

Of Counsel:
  L. Donald Prutzman
  Richard Trotter

April 15, 2015

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................... 1

SUMMARY OF THE ALLEGATIONS ...................................................................... 4

ARGUMENT ................................................................................................................. 7

I.     THE APPLICABLE RULE 12(B)(6) STANDARD ........................................... 7

II.    HLVP'S FIRST COUNTERCLAIM FAILS TO STATE A
       CLAIM FOR FALSE OR FRAUDULENT REGISTRATION ........................... 8

       A.     HLVP Fails to Plead Knowing or Intentional False
              Declarations or Representations ............................................... 8

       B.     HLVP Fails to Adequately Plead Damages ........................................... 10

III.   HLVP'S SECOND COUNTERCLAIM FAILS TO STATE A
       CLAIM FOR FAILURE TO COMPLY WITH § 8 OF
       THE LANHAM ACT ........................................................................................ 11

IV.    HLVP'S THIRD COUNTERCLAIM FAILS TO STATE A
       CLAIM FOR ABANDONMENT OF THE
       HIGHLINE REGISTRATION ......................................................................... 13

V.     HLVP HAS NOT PROPERLY PLEADED STANDING TO
       ASSERT ANY OF ITS COUNTERCLAIMS .................................................. 16

CONCLUSION ............................................................................................................. 17

## TABLE OF AUTHORITIES

Cases                                                                    Page(s)

*Acme Valve & Fitting Co. v. Wayne,*
   386 F. Supp. 1162 (S.D. Tex. 1974) ............................................................. 9

*Alexander v. Sandoval,*
   532 U.S. 275 (2001) ................................................................................. 12

*Allen v. WestPoint-Pepperell, Inc.,*
   945 F.2d 40 (2d Cir. 1991) ......................................................................... 8

*American Security Bank v. American Security & Trust Co.,*
   571 F.2d 564 (C.C.P.A. 1978) ................................................................... 14

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................. 7, 10

*Autozone, Inc. v. Strick,*
   No. 03 Civ. 8152, 2005 WL 2978708 (N.D. Ill. Nov. 3, 2005) ..................... 11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................. 7, 10

*Brown & Brown, Inc. v. Cola,*
   No. 10 Civ. 3898, 2011 WL 1103867 (E.D. Pa. Mar. 23, 2011) ................... 13

*DeMert & Dougherty, Inc. v. Chesebrough-Pond's, Inc.,*
   348 F. Supp. 1194 (N.D. Ill. 1972) ............................................................. 9

*Estate of Hoffman v. Nabisco, Inc.,*
   444 F. Supp. 106 (S.D.N.Y. 1978) ........................................................... 16

*Everett Lab., Inc. v. River's Edge Pharm., LLC,*
   No. 09 Civ. 3458, 2010 WL 1424017 (D. N.J. April 8, 2010) ..................... 15

*GMA Accessories, Inc. v. Idea Nuova, Inc.,*
   157 F. Supp. 2d 234 (S.D.N.Y. 2000) ......................................................... 9

*Granny's Submarine Sandwiches, Inc. v. Granny's Kitchen, Inc.,*
   199 U.S.P.Q. 564, 1978 WL 21248 (T.T.A.B. 1978) ................................... 14

*Harris v. Mills,*
   572 F.3d 66 (2d Cir. 2009) ......................................................................... 7

## TABLE OF AUTHORITIES cont.

Cases                                                                    Page(s)

*Havana Club Holding, S.A. v. Galleon, S.A.,*
    No. 96 Civ. 9655, 1998 WL 150983 (S.D.N.Y. Mar. 31, 1998) ....................................... 9

*Hayden v. Paterson,*
    594 F.3d 150 (2d Cir. 2010) ................................................................................... 7, 10

*Herb Reed Enter., LLC v. Florida Enter.,*
    736 F.3d 1239 (9th Cir. 2013) .................................................................................. 13

*Honor Plastic Indus. Co. Ltd v. Lollicup USA, Inc.,*
    462 F. Supp. 2d 1122 (E.D. Cal. 2006) ..................................................................... 15

*In re Bose Corp.,*
    580 F.3d 1240 (Fed. Cir. 2009) ................................................................................... 8

*Inter-State Oil Co., Inc. v. Questor Corp.,*
    209 U.S.P.Q. 583, 1980 WL 39058 (T.T.A.B. 1980) .................................................. 16

*Martal Cosmetics, Ltd. v. Int'l Beauty Ex., Inc.,*
    No. 01 Civ. 7595, 2007 WL 895697 (E.D.N.Y. Mar. 22, 2007) ................................... 11

*Loctite Corp. v. Nat'l Starch and Chem. Corp.,*
    No.78 Civ. 916, 1981 WL 48161 (S.D.N.Y. May 5, 1981) ............................................. 8

*Melodrama Pub., LLC v. Santiago,*
    12 Civ. 7830, 2013 WL 1700929 (S.D.N.Y. April 11, 2013) .......................................... 8

*Orientview Tech., LLC v. Seven For All Mankind, LLC,*
    No. 13 Civ. 0538, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ..................................... 7

*Paul Sullivan Tennis Sportswear, Inc. v. Balth Blickle's Wwe,*
    213 U.S.P.Q. 390, 1982 WL 54199 (T.T.A.B. 1982) .................................................... 16

*Rick v. Buchansky,*
    609 F. Supp. 1552 (S.D.N.Y. 1985) ........................................................................ 8, 9

*San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.,*
    849 F.2d 468 (10th Cir. 1988) ..................................................................................... 8

*Sands, Taylor & Wood Co. v. Quaker Oats Co.,*
    978 F.2d 947 (7th Cir. 1992) ..................................................................................... 15

## <u>TABLE OF AUTHORITIES</u> cont.

<u>Cases</u>                                                                    Page(s)

*Sik Gaek, Inc. v. Yogi's II, Inc.,*
  No. 10 Civ. 4077, 2014 WL 4063403 (E.D.N.Y. Aug. 14, 2014).............................8, 11

*The UPS Store, Inc. v. Hagan*
  No. 14 Civ. 1210, 2015 WL 1456654 (S.D.N.Y. Mar. 24, 2015) ....................................7

*Yard-Man, Inc. v. Getz Exterminators, Inc.,*
  157 U.S.P.Q. 100, 1968 WL 8094 (T.T.A.B. 1968).......................................................16

<u>Statutes</u>                                                                 Page(s)

15 U.S.C. § 1058 ......................................................................................................7, 11

15 U.S.C. § 1059 ............................................................................................................6

15 U.S.C. § 1064 ....................................................................................................12, 13

15 U.S.C. § 1065 ............................................................................................................5

15 U.S.C. § 1068 ............................................................................................................3

15 U.S.C § 1120 .................................................................................................2, 7, 8, 12

15 U.S.C. § 1127 ..........................................................................................................13

<u>Other Authorities</u>

Trademark Manual of Examining Procedure § 1604.13 ..................................................15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                              :

HIGHLINE CAPITAL MANAGEMENT, LLC,       :       15 Civ. 660 (VEC)

                           :

                  Plaintiff,        :

                           :

              - against -         :

                           :

HIGH LINE VENTURE PARTNERS, L.P., HIGH LINE :
VENTURE PARTNERS II, L.P., HIGH LINE       :
VENTURE PARTNERS GP, LLC, HIGH LINE       :
VENTURE PARTNERS GP II, LLC and         :
SHANA FISHER,                       :

                           :

                  Defendants.     :

                           :

------------------------------------------------------------------ x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT HIGH LINE VENTURE PARTNERS, L.P.'S COUNTERCLAIMS

Plaintiff Highline Capital Management, LLC ("Highline") moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss the counterclaims asserted by defendant High Line Venture Partners, L.P. ("HLVP" or "High Line"),[1] in Defendants' Answer and Counterclaims filed on March 25, 2015 (ECF No. 31, the "Answer and Counterclaims"). Each of HLVP's counterclaims fails to state a claim for which relief can be granted for a variety of reasons and its counterclaim for fraud on the Patent & Trademark Office fails to plead fraud with the particularity Rule 9(b) requires. All of the counterclaims fail to plead that HLVP has the requisite standing to assert the claims made.

---

[1] None of the other High Line entities nor the individual defendant assert counterclaims.

## PRELIMINARY STATEMENT

HLVP's three counterclaims each attack Highline's incontestable United States Trademark Registration No. 2,502,179 for the mark HIGHLINE for "[f]inancial services in the nature of investment fund management" (the "HIGHLINE Registration") on various grounds, and seek cancellation of the registration, declaratory relief and damages.  The counterclaims are insufficient and must be dismissed for the reasons demonstrated more fully below.

**First Counterclaim**—The First Counterclaim, based on § 38 of the Lanham Act, 15 U.S.C. § 1120, alleges that the HIGHLINE Registration was falsely obtained, maintained and renewed through false statements made to the Patent & Trademark Office stating that Highline was using its HIGHLINE mark in commerce.  To withstand a motion to dismiss, such a claim must adequately and plausibly allege, *inter alia,* that Highline made *knowingly* false statements to the Patent & Trademark Office *with the intent* to perpetrate a fraud on the Patent & Trademark Office.   As demonstrated below (at Section II(A), *infra*) HLVP does not allege knowing, intentional fraud, nor does it allege facts that plausibly support an inference that any of the allegedly false statements were made knowingly or with intent to defraud.  Indeed, the facts alleged demonstrate the impossibility of defrauding or misleading the Patent & Trademark Office concerning Highline's use of its trademark because the specimens of trademark usage that Highline submitted and the Trademark Office examined and accepted, which are pleaded in and attached to the counterclaims, showed the Trademark Office exactly how Highline was using its HIGHLINE mark.

Moreover, a counterclaim alleging fraud must be pleaded with particularity under Fed. R. Civ. P. 9(b).  The First Counterclaim fails to allege facts demonstrating with particularity how the Trademark Office could have been misled by the allegedly false statements, how Highline's

knowledge of the falsity could be inferred or how intent to defraud on Highline's part could be inferred.

In addition, the First Counterclaim must be dismissed for failure to meet § 38's requirement that a party plead "damages sustained in consequence" of the alleged fraudulent representations.

**Second Counterclaim—**The Second Counterclaim, alleging failure to comply with § 8 of the Lanham Act, 15 U.S.C. § 1068, pleads that Highline supposedly falsely stated to the Patent & Trademark Office that is was currently using its HIGHLINE mark in connection with its compliance with § 8 of the Lanham Act. Section 8 requires that a registrant file an Affidavit of Continued Use of the mark between the fifth and sixth year of registration. Based on that allegation HLVP seeks cancellation of the HIGHLINE Registration and damages for alleged failure to comply with § 8. The claim is a transparent attempt to end run the requirement of § 38 of the Lanham Act that false statements to the Patent & Trademark Office must be made knowingly and with intent to defraud to be actionable. As demonstrated below (at Section III, *infra*), its fatal flaw is that § 8 of the Lanham Act provides for certain actions by trademark registrants and the Director of the Patent & Trademark Office, but does not afford third parties a private right of action. Nor should a private right of action be implied under current Supreme Court precedent. Section 38 of the Lanham Act affords a private party a remedy for allegedly false statements in connection with § 8, but that section's knowing and intentional fraud and damages pleading requirements must be met.

**Third Counterclaim—**The Third Counterclaim seeks cancellation of Highline's HIGHLINE Registration on the ground that Highline has supposedly abandoned use of its HIGHLINE mark through non-use with intent never to resume use. Its fatal flaw is that the

counterclaim, itself, and the documents attached, show continuing use of the HIGHLINE trademark. In particular, Paragraph 31 of the Answer and Counterclaims and Exhibit C thereto, which depict the specimen of use Highline submitted to the Trademark Office at the time the registration was renewed, plainly demonstrate acceptable use of HIGHLINE as a trademark on an ongoing basis. As demonstrated below (at Section IV, *infra*) the fundamental premise underlying the Third Counterclaim, as well as the other two, is that use of the HIGHLINE mark in conjunction with, or near, the wording "Capital" or "Capital Management," or as an element of a logo somehow constitutes non-use of the HIGHLINE mark. That premise is incorrect as a matter of law. The specimens HLVP includes as part of its counterclaims also show that HLVP has not adequately pleaded that Highline has no intent to resume use of its mark in the foreseeable future. The use of HIGHLINE they demonstrate undercuts any basis for a plausible inference of intent not to resume use.

**Failure to Allege Standing**—In addition to the above reasons for dismissal, as we demonstrate below (at Section V, *infra*) HLVP has not adequately alleged facts showing that it has standing to challenge the HIGHLINE Registration on any of the grounds asserted. It is well established that to establish standing a party seeking cancellation of a registration based on fraud or abandonment must allege that it is using the same or a similar mark for the same or similar services and that there is a direct or hypothetical likelihood of confusion between the marks. HLVP pleads only that it will be damaged by the HIGHLINE Registration because Highline has asserted the registration against HLVP. That is not sufficient to support standing for any of HLVP's three counterclaims.

4

## SUMMARY OF THE ALLEGATIONS

The substantive allegations of HLVP's counterclaims consist of the methodical recitation of steps Highline took to register, maintain and renew its HIGHLINE Registration, all of which are the normal and ordinary steps registrants take for those purposes, and conclusory allegations "[o]n information and belief" that statements concerning Highline's use of the trademark and the specimens showing that use were "false" because the specimens supposedly did not show "use of the HIGHLINE word mark standing alone."  In summary HLVP alleges that:

- In 2000, Highline filed an application to register its HIGHLINE mark claiming a date of first use in commerce of July 31, 1995;

- In connection with the application Highline submitted a specimen of use, which is shown in the Answer and Counterclaims and attached as Exhibit A;

- In 2001 that application matured into the HIGHLINE Registration;

- The allegation of first use in commerce and the specimen were supposedly "false" because HIGHLINE was not used as a "stand-alone trademark;"

- The allegation of first use and the specimen were material to the registration and the PTO relied on them in issuing the HIGHLINE Registration.

(Answer & Counterclaims ¶¶ 13-20.)

- In 2007 [between the fifth and sixth years after registration] Highline filed a Combined Declaration of Use and Incontestability pursuant to §§ 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065, stating that the HIGHLINE mark remained in use for the services identified in the registration and had been used in commerce continuously for five consecutive years after registration;

- In connection with that declaration Highline submitted a specimen of its use

shown in the Answer and Counterclaims and attached as Exhibit B;

- In response to the Declaration and specimen, the PTO issued notices of acceptance pursuant to §§ 8 and 15 and stated that the HIGHLINE Registration will remain in force;

- The Declaration and specimen were supposedly "false" because HIGHLINE was not used as a "stand-alone trademark;"

- The Declaration and specimen were material and the PTO relied on them in accepting the Declaration and specimen.

(Answer & Counterclaims ¶¶ 21-29.)

- In 2011 [between the ninth and tenth years after registration] Highline filed a Combined Declaration of Use and Application for Renewal of the HIGHLINE Registration pursuant to §§ 8 and 9 of the Lanham Act, 15 U.S.C. §§ 1058, 1059, to renew the registration;

- In connection with the Declaration and renewal, Highline submitted a specimen of its use shown in the Answer and Counterclaims and attached as Exhibit C;

-  The Declaration and specimen were supposedly "false" because HIGHLINE was not used as a "stand-alone trademark;"

- The PTO accepted the Declaration and the specimen and renewed the registration;

- The Declaration and specimen were material and the PTO relied on them in accepting the Declaration and renewing the registration;

(Answer & Counterclaims ¶¶ 30-37.)

With respect to standing to bring its counterclaims, HLVP's sole allegation is that:

- "HLVP will be damaged by the continued registration of the [HIGHLINE]

Registration because Highline Capital has asserted the registration against HLVP in the marketplace in connection with services that allegedly compete with HLVP's services."

(Answer & Counterclaims ¶¶ 39, 58.)

Based on these allegations, HLVP asserts counterclaims for (1) false and fraudulent registration based on § 38 of the Lanham Act, 15 U.S.C. § 1120, (2) failure to comply with § 8 of the Lanham Act, 15 U.S.C. § 1058, and (3) abandonment of the HIGHLINE Registration.

## ARGUMENT

### I.

### THE APPLICABLE RULE 12(B)(6) STANDARD.

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *The UPS Store, Inc. v. Hagan,* No. 14 Civ. 1210, 2015 WL 1456654, at *6-*7 (S.D.N.Y. Mar. 24, 2015); *Orientview Tech., LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013) (citations omitted). To survive a motion to dismiss, a counterclaimant must allege sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine plausibility, courts employ a "two-pronged approach." *Iqbal*, 556 U.S. at 679. First, while a court must accept all allegations as true, this principle is inapplicable to legal conclusions and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Second, a court must determine whether "well-pleaded factual allegations" assumed to be true "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556

U.S. at 679).

A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint [such as the specimens Highline submitted to the PTO] or incorporated in the complaint by reference, and matters of which judicial notice may be taken. *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991).

II.

## HLVP'S FIRST COUNTERCLAIM FAILS TO STATE A CLAIM FOR FALSE OR FRAUDULENT REGISTRATION.

### A.  HLVP Fails to Plead Knowing or Intentional False Declarations or Representations.

To state a claim for cancellation of a trademark under § 38 of the Lanham Act, 15 U.S.C. § 1120, headed "Fraud; civil liability," HLVP must meet the stringent requirements for pleading fraud on the United States Patent and Trademark Office ("PTO"). In *In re Bose Corp.,* 580 F.3d 1240, 1245 (Fed. Cir. 2009), the Federal Circuit rejected a lower fraud standard and held "that a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO." *Accord San Juan Prod., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988). The knowing, intentional falsity standard applies to claims based on § 38. *Melodrama Pub., LLC v. Santiago,* 12 Civ. 7830, 2013 WL 1700929 (S.D.N.Y. April 11, 2013); *Baker v. Parris,* 777 F. Supp. 299, 305 (S.D.N.Y. 1991); *Rick v. Buchansky,* 609 F. Supp. 1552, 1536-37 (S.D.N.Y. 1985); *Loctite Corp. v. Nat'l Starch and Chem. Corp.*, No. 78 Civ. 916, 1981 WL 48161, at *2 (S.D.N.Y. May 5, 1981); *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10 Civ. 4077, 2014 WL 4063403, at *2 (E.D.N.Y. Aug. 14, 2014).

To the extent Defendants seek to invoke § 38 by alleging that Highline mistakenly or

negligently made a false statement of material fact in good faith, courts inside and outside the Second Circuit have rejected such a theory. *In re Bose Corp.,* 580 F.3d at 1243 (a mere false representation, which could be occasioned by a misunderstanding, an inadvertence or a negligent omission, for example, is not sufficient to establish fraud on the PTO); *Rick,* 609 F. Supp. at 1537 (statements of honest, but perhaps incorrect, belief or innocently inaccurate statements of fact are insufficient); *Loctite Corp. v. Nat'l Starch & Chem. Corp.*, No. 78 Civ. 916, 1981 WL 48161, at *2 (S.D.N.Y. May 5, 1981) (rejecting defendants' claim under § 38 for failure to make any showing that "when the statement was made the plaintiffs knew the facts to be otherwise"); *Acme Valve & Fitting Co. v. Wayne*, 386 F. Supp. 1162, 1169 (S.D. Tex. 1974) (stating that "in order for statements to be false or fraudulent [under § 38] it must be shown that the declarant knew they were false at the time he made them"); *DeMert & Dougherty, Inc. v. Chesebrough-Pond's, Inc.*, 348 F. Supp. 1194, 1199 (N.D. Ill. 1972) (rejecting claim for damages under § 38 because affiant believed his statements to be true at the time they were made).

Further, Fed. R. Civ. P. 9(b)'s requirement that fraud be pleaded with particularity applies to HLVP's claim based on fraud on the PTO. Under Fed. R. Civ. P. 9(b), "all averments of fraud or mistake . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "The heightened pleading requirements apply to each element of the fraud claim." *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 243 (S.D.N.Y. 2000). Conclusory allegations of fraud are insufficient. *See Havana Club Holding, S.A. v. Galleon, S.A.*, No. 96 Civ. 9655, 1998 WL 150983, at *3 (S.D.N.Y. Mar. 31, 1998).

HLVP fails to allege that any of Highline's supposedly false statements or submissions of supposedly false specimens were made either with knowledge of falsity or with intent to deceive the PTO. The First Counterclaim fails to plead a claim on which relief may be granted for this

reason alone.  But even if such allegations were added—which there can be no good faith basis to do—the pleading would still be insufficient.  Conclusory allegations of knowledge or intent are insufficient if no facts are pleaded from which plausible inferences of knowledge or intent could be drawn.

Here, the facts pleaded show the impossibility of knowing or intentional deception of the PTO.  HLVP pleads that each filing containing allegedly fraudulent representations was accompanied, as is required, by a specimen, pleaded as part of the counterclaim, showing how the trademark was used.  The Trademark Office examined each specimen, found that it showed proper use of the trademark and issued a registration or an acceptance of each of Highline's filings.  Thus, a fraudulent misrepresentation of use of the HIGHLINE Registration was impossible because (a) Highline, in each instance, showed the Trademark Office a specimen of exactly how it was using the trademark, and (b) the Trademark Office, in each instance, accepted and approved the specimen as demonstrating proper use of the registered trademark.[2]  In short, there is no plausible basis to infer knowledge of falsity or an actual intent to deceive the Trademark Office concerning the manner in which Highline was using the trademark when High Line's pleading expressly acknowledges that Highline submitted visual evidence showing the use.

To survive a motion to dismiss, a pleading must state a claim for relief that a court determines to be plausible on its face.  *Iqbal,* 556 U.S. at 678 (2009); *Hayden,* 594 F.3d at 161. It is simply not plausible that Highline could have intended to deceive the trademark office, or even could have deceived the Trademark Office unintentionally, when a visual specimen

---

[2]  Significantly, High Line does not, nor could it, allege that the specimens themselves were falsified or fraudulent. *See Melodrama Pub. v. Santiago,* No. 12 Civ. 7830, 2013 WL 1700929 (S.D.N.Y. April 11, 2013) (false specimens used).

accompanied each of the allegedly fraudulent statements and, in each instance, the Trademark Office found that the specimen confirmed the truth of the statement.

### B.  HLVP Fails to Adequately Plead Damages.

HLVP's First Counterclaim must also be dismissed because HLVP has failed to plead the requisite damages.   A party seeking relief under § 38 must also clearly allege cognizable damages that were a "direct and proximate result of the conduct violating the statute." *Sik Gaek, Inc*, 2014 WL 4063403 at *2.  "Damages proximately caused by the false registration is a necessary element of a § [38] claim." *Autozone, Inc. v. Strick*, No. 03 Civ. 8152, 2005 WL 2978708, at *4 (N.D. Ill. Nov. 3, 2005).  The plain language of § 38 states that a party can only recover those damages "sustained in consequence" of any violation of the statute and such damages must be "clearly articulated." *Sik Gaek, Inc.*, 2014 WL 4063403 at *2.  Attorney fees and other costs of bringing an action for cancellation are not recoverable except in the rarest and most extraordinary of circumstances, such as where a party has fraudulently obtained a trademark solely for the purpose of harassing the other.  *See id.* (citations omitted); - *Martal Cosmetics, Ltd. v. Int'l Beauty Ex., Inc.*, No. 01 Civ. 7595, 2007 WL 895697, at *30 (E.D.N.Y. Mar. 22, 2007); *Autozone, Inc.*, 2005 WL 2978708 at *4 (costs of lawsuit seeking to enforce mark in issue "are not an injury or damages that can support a § [38] claim) and cases cited therein..

Defendants fail to allege that they have suffered any damages as a result of Highline's alleged violation of § 38.   Rather, they merely allege that they "will be damaged by the continued registration of the" HIGHLINE Registration. (Answer and Counterclaims ¶ 39.)  Even with respect to these yet to be suffered damages, HLVP provides no detail, stating only that it will be damaged by Highline's continued enforcement of the HIGHLINE mark. (Answer and

Counterclaims ¶ 39.)  Such allegations fall far short of the sort of "clearly articulated" damages required by § 38.  *See Sik Gaek, Inc.*, 2014 WL 4063403 at *2.

**III.**

**HLVP'S SECOND COUNTERCLAIM FAILS TO STATE A CLAIM FOR FAILURE TO COMPLY WITH § 8 OF THE LANHAM ACT.**

HLVP's Second Counterclaim seeks cancellation of the HIGHLINE Registration pursuant to §§ 8 and 37 of the Lanham Act, 15 U.S.C. § 1058, 1119 "on the grounds of" Highline's supposed failure to comply with § 8 of the Lanham Act.  (Answer and Counterclaim ¶ 43.)  The counterclaim is based on the same allegations as the First Counterclaim—that Highline supposedly falsely claimed to be using its HIGHLINE trademark and submitted a false specimen in connection with its maintenance of its trademark registration in accordance with § 8 of the Lanham Act.  (Answer and Counterclaim ¶¶ 44-46.)  The Second Counterclaim is a transparent attempt to avoid the requirements of § 14 of the Lanham Act, 15 U.S.C. § 1064 (providing for a petition to cancel a registration for fraud on the PTO, among other grounds) and § 38 of the Lanham Act, 15 U.S.C. § 1120, on which HLVP bases the First Counterclaim.  Both sections require that the party seeking cancellation for alleged false declarations or representations to the PTO plead knowing, intentional fraud.

A claim for relief by a third party cannot be based directly on § 8.  That section provides that to maintain a trademark registration a registrant must file an Affidavit of Continuing Use of the mark and submit a specimen showing then-current use of the mark.  If the registrant fails to make the necessary filing, the registration "shall be cancelled by the Director."[3]  Section 8 does not provide for a private right of action by third parties to enforce compliance with its

---

[3]  Section 45 of the Lanham Act, 15 U.S.C. § 1127, defines "Director" as "the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

requirements.  Enforcing compliance is the Director's function.

Further, there is no basis to create an implied private right of action for third parties under § 8 that would avoid the requirements of the express private rights of action for cancellation of a mark the Lanham Act provides under §§ 16 and 38.  Under the Supreme Court's decision in *Alexander v. Sandoval,* 532 U.S. 275 (2001), a private right of action under a federal statute should be implied only if the text and structure of the statute alone reveal that Congress intended to create a private right of action.  The text and structure of the Lanham Act indicate that Congress did not intend to confer a private right of action on third parties directly under § 8 for claims such as HLVP makes here when it provided express private rights of action for those claims under other sections.  If third parties could base claims for inadvertent or negligent false statements to the PTO directly on § 8 or other Lanham Act provisions governing the process of registration, maintenance and renewal of trademark registrations, the express remedies the Lanham Act provides for fraud on the PTO and their attendant requirements of knowing and intentional fraud would become superfluous.

## IV.

### HLVP'S THIRD COUNTERCLAIM FAILS TO STATE A CLAIM FOR ABANDONMENT OF THE HIGHLINE REGISTRATION.

HLVP's Third Counterclaim seeks cancellation of the HIGHLINE Registration under § 14 of the Lanham Act, 15 U.S.C. § 1064, for alleged "abandonment."  Insofar as here relevant, the Lanham Act provides that "[a] mark shall be deemed to be 'abandoned' . . . [w]hen its use has been discontinued with intent not to resume such use.  Intent not to resume may be inferred from circumstances.  Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.  'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in the mark."  Lanham Act § 45, 15

U.S.C. § 1127.  The standard for non-use of a registered trademark is high, as the party seeking cancellation on abandonment grounds must allege the "complete cessation or discontinuance of trademark use."  *Herb Reed Enter., LLC v. Florida Enter.*, 736 F.3d 1239, 1247-48 (9th Cir. 2013); *Brown & Brown, Inc. v. Cola*, No. 10 Civ. 3898, 2011 WL 1103867, at *11 (E.D. Pa. Mar. 23, 2011).

The Third Counterclaim must be dismissed because the counterclaim, itself, demonstrates that Highline has continued to use its HIGHLINE mark and has not abandoned it.  Accordingly, the allegations undercut any claim for relief.   The third counterclaim expressly incorporates the specimen Highline submitted to the trademark office most recently to support its renewal of the HIGHLINE Registration.  (Answer and Counterclaims ¶ 50, Ex. C.)  That specimen (a screen shot of Highline's website) plainly demonstrates proper use of the HIGHLINE Registration as a trademark and, as the Third Counterclaim pleads (¶ 33), the PTO accepted the specimen as such.  HLVP's theory that the HIGHLINE Registration is not being used because it does not appear as a "stand-alone" trademark (*i.e.,* without any other wording or design elements) is simply incorrect and unsupportable as a matter of law.[4]

It is well established that use of a registered trademark in conjunction with descriptive elements such as "Capital" and/or "Management" does not constitute non-use of the registered trademark.  For example, in *American Security Bank v. American Security & Trust Co.,* 571 F.2d 564, 567 (C.C.P.A. 1978), the court held that the addition of the word "Bank" to the registered trademark AMERICAN SECURITY for a bank did not mean that the AMERICAN SECURITY mark was no longer being used.  It considered the two marks to be "legally equivalent" because "the word 'bank' is purely descriptive and adds nothing to the origin-indicating significance of

---

[4]  This erroneous legal premise underlies the First and Second Counterclaims as well and serves as an additional reason why each of them should also be dismissed.

AMERICAN SECURITY."   The same is true here of Highline's use of "capital" and/or "management" in proximity to HIGHLINE.   These words are simply descriptive of what Highline does.

*Granny's Submarine Sandwiches, Inc. v. Granny's Kitchen, Inc.*, 199 U.S.P.Q. 564, 1978 WL 21248, at *3 (T.T.A.B. 1978), plainly demonstrates the invalidity of HLVP's abandonment argument.  In *Granny's* the Trademark Trial and Appeal Board soundly rejected essentially the same argument HLVP makes here.   In that case, respondent argued that the registration for GRANNY'S for restaurant services was improperly granted because the specimen displayed use of GRANNY'S KITCHEN rather than GRANNY'S alone.  The Board held that because the wording "kitchen" was merely descriptive of restaurant services, the registration for GRANNY'S was properly granted, noting that "we completely agree with the Examiner that the specimens filed by respondent as part of its application for registration fully supported the issuance of the registration in view of the synonymity of 'KITCHEN' and 'RESTAURANT'."  *Id.* at *5.

*Granny's* is entirely consistent with principle that minor changes in a mark which do not change its basic commercial impression will not defeat a claim of use or support a claim of abandonment..  *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 955 (7th Cir. 1992);  Rather, so long as the "key element," here HIGHLINE, remains in use, the addition of certain generic, descriptive words will not undermine the integrity of the mark.  *Id.; Honor Plastic Indus. Co. Ltd. v. Lollicup USA, Inc.*, 462 F. Supp. 2d 1122, 1128 (E.D. Cal. 2006); *Everett Lab., Inc. v. River's Edge Pharm., LLC*, No. 09 Civ. 3458, 2010 WL 1424017, at *6 (D. N.J. April 8, 2010).

Moreover, the PTO's acceptance of the specimen as showing continued use of the registered mark HIGHLINE, further shows that any claim that the HIGHLINE mark was abandoned for non-use is legally wrong.  The PTO's guidelines for examination of specimens submitted pursuant to an Affidavit of Continuing Use under § 8 to determine whether they show use of the registered mark state, "If the mark, as used on the §8 specimen, creates a separate impression apart from any other material on the specimen, then the specimen may be accepted as evidence of current use of the registered Mark".  T.M.E.P.[5] § 1604.13.   The HIGHLINE specimen plainly creates such a separate impression.  See Answer & Counterclaims Ex. C.  The word "HIGHLINE" is highlighted and appears in large typeface, as opposed to the descriptive wording "Capital," which appears grayed out and in much smaller typeface.

V.

**HLVP HAS NOT PROPERLY PLEADED STANDING
TO ASSERT ANY OF ITS COUNTERCLAIMS.**

In addition to the foregoing reasons why each of HLVP's counterclaims must be dismissed, all of the counterclaims must be dismissed for failure to plead standing to seek cancellation in accordance with the Lanham Act.  It has long been established that to plead a claim for cancellation of a trademark on the ground of abandonment or fraud, a party must allege not only the elements relative to the charge of abandonment or fraud but also its standing to be heard on the question.  To establish standing, a party must allege that it is using the same or a similar mark as the mark sought to be cancelled for the same or similar goods or services, along with a direct or a hypothetical pleading that there is likelihood of confusion between the marks. *Yard-Man, Inc. v. Getz Exterminators, Inc.,* 157 U.S.P.Q. 100, 1968 WL 8094, at \*6 (T.T.A.B. 1968); *accord, e.g., Paul Sullivan Tennis Sportswear, Inc. v. Balth Blickle's Wwe*, 213 U.S.P.Q.

---

[5] Trademark Manual of Examining Procedure.

390, 1982 WL 54199, at *2 (T.T.A.B. 1982).   The existence or absence of standing is to be determined based on a reading of the allegations made in the relevant pleading.  *Inter-State Oil Co., Inc.* v. *Questor Corp.*, 209 U.S.P.Q. 583, 1980 WL 39058, at *3 (T.T.A.B. 1980).

This Court has adopted the *Yard-Man* test for standing to seek cancellation under the Lanham Act.  *Estate of Hoffman v. Nabisco, Inc.,* 444 F. Supp. 106, 109-10 (S.D.N.Y. 1978). HLVP's standing allegation plainly does not satisfy it.   HLVP alleges only that it "will be damaged by the continued registration of the [HIGHLINE Registration] because Highline Capital has asserted the registration against HLVP in the marketplace in connection with services that allegedly compete with HLVP's services."  (Answer & Counterclaim ¶ 58.)  *Yard-Man* and its progeny make clear that the mere assertion of a registration against a party is an insufficient basis for standing to seek cancellation.  157 U.S.P.Q. 100, 1968 WL 8094 at *6.  HLVP fails to allege that HLVP's HIGH LINE mark is the same or similar to the HIGHLINE Registration, that HLVP and Highline are rendering the same or similar services, or that there is an actual or hypothetical likelihood of confusion between the HIGH LINE and HIGHLINE marks.  Absent those allegations, its counterclaims must all be dismissed.

## CONCLUSION

For the foregoing reasons, Highline's motion to dismiss HLVP's counterclaims should be

granted.

Dated: New York, New York
       April 15, 2015

                          Respectfully submitted,


                          TANNENBAUM HELPERN SYRACUSE
                          & HIRSCHTRITT LLP


                          By_____s/L. Donald Prutzman_____
                                L. Donald Prutzman
                          900 Third Avenue
                          New York, New York 10022
                          (212) 508-6700
                           Attorneys for Plaintiff