# Kenyon & Kenyon

Jonathan D. Reichman
Direct 212.908.6256
jreichman@kenyon.com

**MEMO ENDORSED**

Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/6/2015_

May 5, 2015

Request GRANTED in part.  The deadline for fact discovery is ADJOURNED to July 20, 2015.  The deadline for expert discovery is ADJOURNED to August 17, 2015.  The status conference scheduled for June 5, 2015, is ADJOURNED to July 17, 2015, at 10:00 a.m.   SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
May 6, 2015

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge, S.D.N.Y.
40 Foley Square, Room 240
New York, New York 10007

**RE:** *Highline Capital Management, LLC v. High Line Venture Partners, et al.*,
C.A. No. 15-cv-660 (VEC) (SDNY)
**Defendants' Letter-Motion for Discovery Extension Due to Scheduling Conflict**

Dear Judge Caproni:

We represent Defendants and Counterclaim-Plaintiff High Line Venture Partners, *et al.* in this action.  Pursuant to Rules 1.A and 1.C of Your Honor's Individual Rules of Practice, Defendants respectfully seek a three-month extension of discovery due to (i) defense counsel's scheduling conflict; (ii) new claims in the case; and (iii) outstanding discovery issues.

First, at the Rule 16 conference held on March 6, 2015, Your Honor set fact and expert discovery to close on June 4, 2015 and July 20, 2015, respectively. *See* D.I. 21-1 at ¶¶ 5(a)-(b).  However, two members of Defendants' trial team (one of whom will file a *pro hac vice* application shortly) have a hearing, a final pre-trial conference, and a trial in an action pending in the United States District Court for the Northern District of California that will occupy most of May.  The California court set this schedule on March 11. (The trial in the California case was originally to have concluded by now, but the case was reassigned to a new judge, who set this new schedule.)

Second, at the time of the Rule 16 conference, Defendants had yet to answer the Complaint or formulate their counterclaims.  The counterclaims expand the scope of this case, and Counterclaim-Plaintiff requires additional time to seek discovery into the issues raised by them. These counterclaims were asserted on March 25, 2015 (*see* D.I. 31), and Plaintiff/Counterclaim-Defendant responded by filing a motion to dismiss them on April 15, 2015 (*see* D.I. 33). Counterclaim-Plaintiff in turn responded by filing amended counterclaims on May 1, 2015 (*see* D.I. 39), but anticipates that Plaintiff/Counterclaim-Defendant will renew its dismissal motion with respect to the amended pleading.  The parties and the Court will need to address the counterclaims and the dismissal motion simultaneously with the conduct of discovery.

Third, unanticipated discovery delays have rendered the current schedule unworkable. Although Defendants served document requests on Plaintiff on March 27, 2015, Plaintiff has yet to produce any documents, or give Defendants a firm date when production will occur.  In anticipation that confidentiality might be an issue with respect to Plaintiff's document production, the

undersigned's firm emailed Plaintiff's original counsel (who is still attorney-of-record in this case) a proposed Protective Order on April 9, 2015. Plaintiff's counsel did not send its edits to the Protective Order until 18 days later, on April 27, 2015. Since Plaintiff has yet to produce any documents, and fact discovery is set to close by June 4, 2015, Defendants had no choice but to propound interrogatories on Plaintiff on May 1, 2015. Even assuming Plaintiff produces documents immediately, and timely responds to Defendants' interrogatories, Defendants still would have insufficient time to review Plaintiff's documents and then properly notice and take depositions. In addition, based on at least Plaintiff's written responses to Defendants' document requests, Defendants anticipate having to resolve a number of discovery disputes with Plaintiff over the next weeks.

The foregoing notwithstanding, the undersigned is pleased to report that the parties finalized their Protective Order on May 1, 2015, and anticipate presenting it to the Court shortly for endorsement. The undersigned is also pleased to report that the parties have agreed to drop their respective claims for monetary damages, which will streamline discovery. Nonetheless, the parties still must: (i) exchange initial documents; (ii) conduct party, non-party, and expert depositions; and (iii) prepare and exchange any expert reports once fact discovery has taken place. As such, Defendants respectfully submit that completing fact and expert discovery by June 4 and July 20, respectively, is not possible. Accordingly, Defendants propose the following new deadlines:

1. Fact Discovery Deadline: August 31, 2015 (original deadline: June 4, 2015).
2. Expert Discovery Deadline: October 15, 2015 (original deadline: July 20, 2015).

This is the first request by either party to extend discovery deadlines in this case. The undersigned requested Plaintiff's consent to the three month extension during a recent call between counsel. However, Plaintiff's counsel rejected Defendants' proposal, stating that a three-month extension was unnecessarily long and offering only a two-week extension instead. Given all of the factors set forth above, Defendants respectfully submit that a three-month extension, not a two-week extension, is needed to complete discovery.

Defendants respectfully submit that Plaintiff will not be prejudiced by Defendants' proposed extension. The parties have been coexisting since 2010. Moreover, Plaintiff alleges that it first learned of Defendants in June 2014, but did not commence this action until January 29, 2015. *See* D.I. 1.

We thank the Court for considering Defendants' request. For the Court's convenience, Defendants have provided a word version of the proposed draft order for a three-month extension of discovery. If Your Honor has any questions concerning this matter, please do not hesitate to contact us.

Respectfully submitted,

*s/Jonathan D. Reichman*
Jonathan D. Reichman

cc: All Counsel of Record (*via ECF*)