UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2015

HIGHLINE CAPITAL MANAGEMENT, LLC,

   *Plaintiff*,

- against -

HIGH LINE VENTURE PARTNERS, L.P., *et al.*,

   *Defendants*.

Civil Action No. 15-cv- 660 (VEC)

HIGH LINE VENTURE PARTNERS, L.P.,

 *Defendant/Counterclaim Plaintiff*,

- against -

HIGHLINE CAPITAL MANAGEMENT, LLC,

   *Plaintiff/Counterclaim Defendant*.

**CONFIDENTIALITY STIPULATION AND CONSENT PROTECTIVE ORDER**

  WHEREAS the Parties, by and through their counsel, stipulated and agreed as follows and respectfully requested entry of this Confidentiality Stipulation and Consent Protective Order (the "Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; it is hereby ORDERED:

  1. The following provisions of this Protective Order govern the access to, use, treatment and distribution of Information (as defined below) produced in this litigation by a party or a non-party which elects to have this Protective Order govern access to, use, treatment and distribution of its Information (each a "Producing Party"), including Information which is in good faith designated by the Producing Party as "Confidential" or "Attorney Eyes Only" pursuant to the terms of this Protective Order. For purposes of this Protective Order, "Information" includes

documents, discovery responses, depositions, deposition transcripts, deposition exhibits, and any other information produced, given, or exchanged (including all copies, abstracts, digests, notes and summaries thereof, as well as any and all information contained or derived therefrom) in connection with discovery in this litigation. This Protective Order shall be effective and binding upon the Parties immediately upon the Parties' execution, regardless of when it is entered by the Court. A non-party may elect to be covered by this Stipulation and Order by complying with the provisions of Paragraph 20 hereof.

2. A Producing Party may designate material or information, whether embodied in documents or otherwise, things, deposition testimony, responses to formal or informal discovery requests, or other materials, as "Confidential" or "Attorney Eyes Only." No such designation shall be made unless the Producing Party believes in good faith that the designated material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and that the designation is necessary to protect such Party's interests. The designation shall be made by affixing a marking on the Information prior to production as follows: "Confidential" or "Attorney Eyes Only," or as otherwise provided for in this Protective Order.

3. The term "Confidential," when employed by any Producing Party, means Information that is confidential, proprietary, and not known to the general public. As a general guideline, and without limitation, Information may be designated "Confidential" when it contains personal or business financial information, including, but not limited to, customer information, business relations, or any other matter that would put the Producing Party at a competitive disadvantage if the Information became known to third parties.

4. Information designated as "Confidential" shall be maintained in confidence by the party or parties to whom such material is produced (the "Receiving Party") and shall not be disclosed to any person except:

    (a) the Court and its officers;

    (b) the Receiving Party's in-house counsel and the Receiving Party's retained outside litigation counsel and the outside litigation counsel's regularly employed office staff, and organizations retained by such attorneys to provide litigation support services in this litigation and the employees of such organizations;

    (c) the employees and agents of the Receiving Party having a need to know the information in connection with the prosecution or defense of this litigation;

    (d) employees of the Receiving Party who are entitled to see the information as part of the scope of their employment duties,

    (e) those individuals reflected as having authored, seen or received, or who have had non-wrongful access to, the designated Information;

    (f) third-party experts or consultants retained by the Receiving Party's counsel of record, and the employees of such experts and consultants who are assisting them, engaged by counsel of record or a party to assist in this litigation, pursuant to the procedures in paragraph 12 *infra*;

    (g) any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this litigation; and

    (h) such other persons having a need to know the Information in connection with the prosecution or defense of this litigation as hereafter may be designated by written agreement of the Parties or by order of the Court, such order obtained on noticed motion (or shortened time as the Court may allow), permitting such disclosure.

5. If the receiving party wishes to file Information designated as "Confidential" with the Court, the Parties shall comply with the Court's Individual Practices 4.A.

6. The term "Attorney Eyes Only," when employed by any Producing Party, means only Information highly likely to compromise or threaten important, recent, business or financial interests of the Producing Party if disclosed to a Party to this action.

7. Information designated as "Attorney Eyes Only" shall be maintained in confidence by the Receiving Party(ies) to whom such material is produced and shall not be disclosed to any person except:

    (a) the Court and its officers;

    (b) the Receiving Party's retained outside litigation counsel of record and the outside litigation counsel of record's regularly employed office staff, and organizations retained by such attorneys to provide litigation support services in this litigation and the employees of such organizations;

    (c) those individuals expressly reflected as having authored, seen or received, or who have had non-wrongful access to, the designated Information;

    (d) third-party experts or consultants retained by the Receiving Party's counsel of record, and the employees of such experts and consultants who are assisting them, pursuant to the procedures in paragraph 12 *infra*;

    (e) any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this litigation; and

    (f) such other persons having a need to know the Information in connection with the prosecution or defense of this action as hereafter may be designated by written agreement of the Parties or by order of the Court, such order obtained on noticed motion, permitting such disclosure.

8. The Trade Secret Exception. If a Receiving Party seeks production or disclosure of Information containing the Producing Party's trade secret(s), then the Producing Party may redact the trade secret(s) before producing such document, electronically-stored information, and/or tangible thing.

9. The protection of this Protective Order may be invoked with respect to any Information by the Producing Party as follows: With respect to documents, the copy of the

document, when produced, shall bear the clear and legible legend "Confidential" or "Attorney Eyes Only." With respect to answers to interrogatories or requests for admissions, when served, the pages of those responses containing "Confidential" or "Attorney Eyes Only" Information, and the specific Information being so designated, shall be so marked. With respect to any deposition or other pretrial testimony, Information may be designated "Confidential" or "Attorney Eyes Only" on the record at such deposition or pretrial testimony or by written notice to all parties within 3 business days of receipt of the preliminary transcript, stating that the entire deposition transcript or testimony, or portions thereof, is so designated. All depositions and other pretrial testimony shall be limited to "Attorney Eyes Only" until expiration of the third business day after counsel receive a copy of the preliminary transcript thereof, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. In the event a Producing Party elects to produce original documents or other material for inspection and provide copies of documents selected thereafter, no markings need to be made by the Producing Party in advance of the inspection. All such documents or other material shall be considered as marked "Attorney Eyes Only" until the Producing Party provides copies of the documents selected. After selection by the inspecting party of specified documents or material for copying, the Producing Party shall make the appropriate designation at the time of production of the copies.

10.     Inadvertent failure to designate Information as "Confidential" or "Attorney Eyes Only" shall not constitute a waiver of such claim and may be corrected. Information produced or disclosed without the designation of "Confidential" or "Attorney Eyes Only" may be so designated at any time by notifying, in writing, the Receiving Party that the Information constitutes "Confidential" or "Attorney Eyes Only" material, as appropriate. Upon receiving such supplemental notice, the Receiving Party shall mark and treat the Information as

"Confidential" or "Attorney Eyes Only," as appropriate, from the date of such supplemental notification forward. The Party receiving such notice shall use reasonable, good-faith efforts to: (i) ensure the prompt return or destruction of any copies that have been provided to individuals other than those authorized to receive said Information; (ii) ensure that any documents or other materials derived from such Information are treated as if the Information had been designated as "Confidential" or "Attorney Eyes Only," as appropriate, when originally produced; and (iii) ensure that such Information is not further disclosed except in accordance with the terms of this Protective Order

11. Nothing herein shall prohibit any party from seeking an order that designated Information is not entitled to: (i) "Confidential" or "Attorney Eyes Only" treatment or (ii) be redacted pursuant to paragraph 8 *supra*. If the Receiving Party objects to the designation or redaction of Information, then the Receiving Party shall first make its objection known to the Producing Party in writing and request any change of designation or redaction that is desired. The parties shall confer concerning such objection within seven (7) calendar days. If a resolution is not achieved within seven (7) calendar days after receipt of such written notice, then the Receiving Party may file a letter motion with the Court requesting *in camera* review of the Information, or invoke such other informal procedure on notice as the Court shall permit, for an order seeking removal of the challenged designation or redaction. In any motion or informal procedure pursuant to this paragraph, the Producing Party shall bear the burden of persuasion that the challenged designation or redaction was appropriate. Any Information designated "Confidential" or "Attorney Eyes Only," or redacted, shall remain subject to the terms of this Protective Order unless and until the Court rules concerning the designation.

12. If "Confidential" or "Attorney Eyes Only" information is to be the subject of examination in the deposition of non-party witnesses who have not previously seen the Information, then the following procedures shall apply. First, neither "Confidential" nor "Attorney Eyes Only" information shall be provided to any such person without the Producing Party's prior written consent or oral consent during a deposition on the record, or without permission by the Court. Such consent shall not be unreasonably withheld by the Producing Party. Second, after receiving such consent, the party seeking to use the "Confidential" or "Attorney Eyes Only" Information during a deposition shall obtain a Certificate of Consent to be Bound by Protective Order (the "Certificate of Consent") from the witness who is shown the Information in the form attached hereto. Use of "Confidential" or "Attorney Eyes Only" in the deposition of any party witness shall be governed by paragraphs 4 and 6 *supra*.

13. The Parties may give, show, disclose, make available, or communicate any Information designated as "Confidential" or "Attorney Eyes Only" to any third-party expert or consultant retained by a Party's counsel of record for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation, provided that any such expert or consultant: (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any adverse Party or any competitor of any Party to this litigation, as far as the expert or consultant can reasonably determine; (ii) is using such Information solely in connection with this litigation; and (iii) first signs the Certificate of Consent. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities. Nothing in this Protective Order shall create any requirements for the disclosure of experts, consultants, or other

witnesses by the Parties beyond those requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Local Rules of the Court.

14. All discovery material, whether designated as "Confidential" or "Attorney Eyes Only" or not, shall be used solely for the prosecution or defense of claims in this litigation and any appeals arising from this litigation, and shall not be used for any business, commercial, competitive, personal or other purpose, including any other litigation.

15. Within ninety (90) calendar days of the conclusion of this litigation and any related appeals arising from this litigation, at the written election of the Producing Party, all discovery material designated as "Confidential" or "Attorney Eyes Only," including, but not limited to, documents produced pursuant to discovery and confidential portions of deposition transcripts, and all copies thereof, shall be returned to the Producing Party or, at the option of the Receiving Party, the opposing counsel shall certify in writing to counsel of record for the Producing Party that such material has been destroyed. Notwithstanding the prior provisions of this paragraph, counsel of record for the Parties may retain for archival purposes one complete set of documents filed with the Court and appearing on the docket for this civil action and file copies of documents prepared by counsel that may contain protected information, provided, however, that such Information shall remain subject to the provisions of this Protective Order.

16. Nothing contained in this Protective Order shall prevent a Party from using Information designed "Confidential" or "Attorney Eyes Only," or from referring to or reciting any information contained in such materials, in proceedings before this Court, including motion papers, affidavits, briefs, or other papers and depositions filed with the Court, or at any hearing, conference or trial before the Court. All materials designated "Confidential" or "Attorney Eyes Only" filed with the Court, and any pleading motion paper, affidavit, deposition transcript, brief,

memorandum, or other paper filed with the Court disclosing such material, shall be identified as "Confidential" or "Attorney Eyes Only," and filed under seal pursuant to the provisions of Paragraph 4.A.of this Court's Individual Practices in Civil Cases relating to redaction and filing under seal.

17. The restrictions set forth in this Protective Order shall not apply to Information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order; (b) which is lawfully obtained by a party to this action from a non-party pursuant to a subpoena authorized by Rule 45 of the Federal Rules of Civil Procedure if (i) the non-party does not designate the information it is producing as either Confidential or Attorney Eyes Only, and (ii) pursuant to Rule 45, the requesting party has given notice of the subpoena to the other party to this action; (c) can be shown by documentary evidence to have been independently developed by the Receiving Party; or (d) was obtained by means not involving the breach of any duty or agreement, or other wrongful act.

18. In the event that a Receiving Party discloses any "Confidential" or "Attorney Eyes Only" Information to a person or entity not entitled under this Protective Order to receive such Information, the Receiving Party, upon discovery of the disclosure, shall immediately: (a) inform the Producing Party of the discovery of the disclosure; (b) inform the person or entity receiving the disclosed "Confidential" or "Attorney Eyes Only" Information that the disclosure, discussion, dissemination, and use of such Information is governed by the terms of this Protective Order; (c) provide the person or entity receiving the disclosed Information with a copy of this Protective Order; (d) make all reasonable and diligent efforts to retrieve any disclosed documents or materials; and (e) make all reasonable and diligent efforts to have the receiving party execute the Certificate of Consent. Furthermore, the person or entity receiving the

disclosed "Confidential" or "Attorney Eyes Only" Information must: (a) return the Information to the disclosing party within three (3) business days after receiving a copy of this Protective Order from the party who produced such Information; (b) not further disclose, discuss, disseminate, or use the Information for any purpose; (c) notify any person or entity to whom they disclosed, discussed, or disseminated the Information with or to that the disclosure, discussion, dissemination, and use of such Information is governed by the terms of this Protective Order; (d) provide the person or entity receiving the disclosed Information with a copy of this Protective Order; (e) make all reasonable and diligent efforts to retrieve any disclosed documents or materials, and (f) make all reasonable and diligent efforts to have the receiving party execute the Certificate of Consent.

19.     Pursuant to Fed. R. Evid. 502(d), a Producing Party's disclosure or production of any Information in this litigation shall not, for the purposes of this litigation or any other litigation or proceeding, constitute a waiver by such Producing Party of any privilege or protection applicable to such Information, including, without limitation, the attorney-client privilege, work product protection and any other privilege or protection recognized by law. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of Information under this Protective Order. Specifically, there has been no waiver if a Producing Party discloses privileged or protected Information, regardless of whether the Producing Party took reasonable steps to prevent the disclosure or to rectify any error. Upon discovery by a Producing Party that Information produced is, in such Party's view, subject to a privilege or protection, such Producing Party may notify the Receiving Party and request the return of any such Information, as well as any and all copies which may have been made by the Receiving Party. However, nothing herein shall prevent the Receiving Party from seeking a determination by the Court as to

whether the Information in question is, in fact, protected by the privilege or protection claimed absent a waiver. In connection with any such determination, the Producing Party shall bear the burden of persuasion that such Information is subject to the claimed privilege or protection.

20. In the event any non-party who has signed this Protective Order or any Party to this action has in its possession, custody or control any "Confidential" or "Attorney Eyes Only" Information and receives a subpoena or other process or order to produce such Information, that non-party or Party shall notify in writing the attorneys of record of the Party or non-party claiming such confidential treatment of the documents sought by such subpoena or other process or order, and shall furnish those attorneys with a copy of said subpoena or other process or order, within a time period that will provide those attorneys with a reasonable amount of time to respond and raise appropriate objections, and shall cooperate with respect to any procedure sought by the Party or non-party whose interests may be affected. The Producing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The non-party or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or non-party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

21. Any non-party may join in this Protective Order by executing the attached Stipulation of Non-Party to Join Protective Order (the "Stipulation"), and shall have all rights and obligations under the Protective Order as the Parties. This Protective Order shall be without prejudice to the right of any Party or non-party to oppose production of any requested information, Confidential Information, or Attorney Eyes Only Information, on any ground and joining this Protective Order shall not constitute a waiver of any objections to production of, or to the admissibility of said information or material or any portion thereof.

22. A non-party who signs the Stipulation may designate documents and information as "Confidential" or "Attorney Eyes Only" in the manner set forth in this Protective Order, and such non-party's Information shall be treated in the same manner as the Information of a Party to this action.

23. This Protective Order shall not affect:

   (a) any Producing Party's right to use in any manner the Information it designated "Confidential" or "Attorney Eyes Only" or other documents lawfully obtained from a third party;

   (b) any Producing Party's right to object to any discovery demand on any ground;

   (c) any Party's right to seek an order compelling discovery with respect to any discovery demand; or

   (d) any Party's right to object to the admissibility of any Information on any ground.

24. The designation of any material in accordance with this Protective Order as constituting or containing "Confidential" or "Attorney Eyes Only" Information is intended solely to facilitate the prosecution or defense of this litigation. A Receiving Party's treatment of such material as confidential in compliance with this Protective Order is not an admission or agreement by such person that the material constitutes or contains confidential or proprietary information, or that the Producing Party's designation is otherwise appropriate.

25. This Protective Order may be modified by: (i) the Parties' written agreement, or (ii) a Court order, such order obtained on noticed motion or other proceeding on notice, upon a showing of good cause for modification.

26. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

Dated this 8th day of May, 2015.

_____

David H. Bernstein
Matthew E. Fishbein
Megan K. Bannigan
David J. Sandler
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6696
dhbernstein@debevoise.com
mefishbein@debevoise.com
mkbannigan@debevoise.com
dsandler@debevoise.com

L. Donald Prutzman
TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
prutzman@thshlaw.com

Dated: May \_\_, 2015
       New York, New York

*Attorneys for Plaintiff/Counterclaim Defendant*

_____

Jonathan D. Reichman
Jonathan W. Thomas
KENYON & KENYON LLP
One Broadway
New York, New York 10004
jreichman@kenyon.com
jthomas@kenyon.com

Erik Kane (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
ekane@kenyon.com

Dated: May \_\_, 2015
       New York, New York

*Attorneys for all Defendants and Defendant/Counterclaim Plaintiff HLVP*

SO ORDERED this 11 day of May, 2015:

*/s/ Valerie Caproni*
U.S.D.J., New York, NY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HIGHLINE CAPITAL MANAGEMENT, LLC, *Plaintiff*, - against - HIGH LINE VENTURE PARTNERS, L.P., *et al.*, *Defendants*. | Civil Action No. 15-cv- 660 (VEC) |

HIGH LINE VENTURE PARTNERS, L.P.,

  *Defendant/Counterclaim Plaintiff*,

    - against -

HIGHLINE CAPITAL MANAGEMENT, LLC,

      *Plaintiff/Counterclaim Defendant*.

## STIPULATION OF NON-PARTY TO JOIN PROTECTIVE ORDER

The undersigned having consented hereto, it is hereby stipulated that Non-Party _____ joins in the Protective Order having all rights and obligations under the Protective Order as any party to this action.

Dated: _____, 201__.

 

_____

Name: _____

Title: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIGHLINE CAPITAL MANAGEMENT, LLC,<br><br>   *Plaintiff*,<br><br>- against -<br><br>HIGH LINE VENTURE PARTNERS, L.P., *et al.*,<br><br>   *Defendants*. | Civil Action No. 15-cv- 660 (VEC) |

HIGH LINE VENTURE PARTNERS, L.P.,

 *Defendant/Counterclaim Plaintiff*,

  - against -

HIGHLINE CAPITAL MANAGEMENT, LLC,

   *Plaintiff/Counterclaim Defendant*.

## CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER

  The undersigned, having read and understood the Protective Order entered in the above-captioned matter on May ___, 2015, which governs the disclosure, discussion, dissemination, and use of documents and other information designated as "CONFIDENTIAL" and "ATTORNEY EYES ONLY," hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

  Date: _____, 201___.

             Name: _____

             Address: _____