UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                         :

HIGHLINE CAPITAL MANAGEMENT, LLC,   :       15 CIV 660 (VEC)
                                                 :            ECF Case
        Plaintiff,                                :
                                                 :
    vs.                                      :
                                                 :
HIGH LINE VENTURE PARTNERS, L.P., et. al. :
                                                 :
        Defendants.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                 :
HIGH LINE VENTURE PARTNERS, L.P.    :
                                                 :
        Counterclaim Plaintiff,      :
                                               :
    vs.                                    :
                                             :
HIGHLINE CAPITAL MANAGEMENT, LLC,   :
                                             :
        Counterclaim Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DEFENDANT
HIGH LINE VENTURE PARTNERS, L.P.'S AMENDED COUNTERCLAIMS**

                                       DEBEVOISE & PLIMPTON LLP
                                        919 Third Avenue
                                        New York, New York 10022
                                        (212) 909-6696

                                        TANNENBAUM HELPERN
                                          SYRACUSE & HIRSCHTRITT, LLP
                                        900 Third Avenue
                                        New York, New York 10022
                                        (212) 508-6700

                                        *Attorneys for Plaintiff and Counterclaim-Defendant*
                                        *Highline Capital Management, LLC*

June 29, 2015

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .................................................................................................................................. 2
I.     Count I Should Be Dismissed. ........................................................................................... 2
    A.     HLVP's Counterclaims Themselves Show Use of the HIGHLINE Mark. .................... 3
    B.     HLVP's Claim that Highline's Full Name and Logo Use Constitutes Abandonment is Implausible and Unsupportable. .......................................................... 4
    C.     HLVP Has Failed to Sufficiently Plead Intent Not to Resume Use. .............................. 7
II.    Count II Should Be Dismissed. .......................................................................................... 8
CONCLUSION .............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Airs Aromatics LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014) ..................................................................................................................... 10

*Arnold v. ABC, Inc.*, No. 06CIV1747GBD, 2007 WL 210330 (S.D.N.Y. Jan. 29, 2007) ............... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 1, 5, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 1, 5

*Berry v. City of New York*, No. 00-2834, 2002 WL 31045943 (S.D.N.Y. June 11, 2002) ......... 3, 4

*Dragon Bleu (Sarl) v. Venm, LLC*, 112 U.S.P.Q.2d 1925 (T.T.A.B. 2014) .................................. 3

*Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669 (2d Cir. 1995) ...................................................... 3

*Gen. Foods Corp. v. Ito Yokado Co.*, 219 U.S.P.Q. 822 (T.T.A.B. 1983) ..................................... 5

*Granny's Submarine Sandwiches, Inc. v. Granny's Kitchen, Inc.*, 199 U.S.P.Q. 564 (T.T.A.B. 1978) ........................................................................................................... 4, 5

*Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907 (2015) ................................................................... 5

*Health Food Assocs., Inc. Naturalife Eco Vite Labs., Inc.*, 2005 WL 2451676 (T.T.A.B. 2005) ................................................................................................................. 6,7

*JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514 (S.D.N.Y. 2013) ..................................... 6

*Kelly-Brown v. Winfrey*, 717 F.3d 295 (2d Cir. 2013) .................................................................. 6

*Levi Strauss & Co. v. GTFM*, 196 F. Supp.2d 971 (N.D. Cal. 2002) ........................................... 9

*Manganaro Foods, Inc. v. Manganaro's Hero-Boy, Inc.*, No. 01 Civ. 0849, 2002 WL 1560789 (S.D.N.Y. 2002) .................................................................................................. 9

*Martahus v. Video Duplication Servs., Inc.*, 3 F.3d 417 (Fed. Cir. 1993) .................................... 6

*Menper Distribs., Inc. v. Germa Prods., Inc.*, No. 11-21792, 2011 WL 2983716 (S.D. Fla. Jul. 22, 2011) ...................................................................................................... 8

*Nike, Inc. v. Already, LLC*, 663 F.3d 89 (2d Cir. 2011) .............................................................. 10

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189 (1985) ............................................. 9

*Patsy's Italian Restaurant, Inc. v. Banas*, 508 F.Supp.2d 194 (E.D.N.Y. 2007) .......................... 9

*Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.,* No. 13-CV-3137-ER, 2014 WL 3377107 (S.D.N.Y. July 7, 2014) ..................................................................................3, 8

*Stetson v. Howard D. Wolf & Assocs.*, 955 F.2d 847 (2d Cir. 1992)...............................................3

**STATUTES**

15 U.S.C. §§ 1064....................................................................................................................9, 10

15 U.S.C. § 1115..................................................................................................................2, 9, 10

15 U.S.C. § 1119.....................................................................................................................8, 10

Plaintiff Highline Capital Management, LLC ("Highline") respectfully submits this reply in further support of its Motion to Dismiss the amended counterclaims asserted by defendant High Line Venture Partners, L.P. ("HLVP") (Dkt. No. 39, the "Amended Counterclaims").

## PRELIMINARY STATEMENT

HLVP has not met the "plausibility" standard required to state a claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausibility" requires "more than a sheer possibility" that a claim exists, and conclusory assertions are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). It is not enough to allege facts that are "merely consistent with" a possible claim; rather, the rules require allegations of specific facts that "raise [the] right to relief above the speculative level," or, in other words, provide enough information to demonstrate that, if the allegations are true, a right to recovery actually exists. *Twombly*, 550 U.S. at 555-56. HLVP has not made this showing.

Count I is not plausible because the amended counterclaims, on their face, show use of the mark that HLVP contends was abandoned. Contrary to HLVP's bald assertions, the HIGHLINE mark is repeatedly used by Highline, both by itself and as part of Highline's name and logo (which, as a matter of law, satisfies the requirement that the mark be used and therefore there is no plausible claim that the HIGHLINE mark has been abandoned). The best that HLVP can summon in its last-ditch effort to save this counterclaim is the weak argument that it is premature to decide these issues because abandonment is a question of fact. Abandonment is indeed a question of fact, but the incontrovertible facts that HVLP made of record in its amended counterclaims show that the mark has ***not*** been abandoned. Because the Second Circuit has made clear that an abandonment claim should be dismissed where it is not plausible on its face, Count I must be dismissed.

Count II fails for an even more basic reason: HLVP has not alleged any legal basis (separate from the abandonment claim already covered in Count I) for rectification of the register. The HIGHLINE trademark registration is incontestable, which means that the only bases for rectification of the register are those specifically listed in Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). Count II does not allege any of these bases. Instead, ignoring that the mark is incontestable, HLVP posits a novel claim of its own imagination: That the mark should be cancelled because the Trademark Office improperly accepted the specimens filed by Highline. However creative that cause of action may be, it is not one of the limited causes of action available against an incontestable registration. Count II should therefore also be dismissed.

## ARGUMENT

### I.     Count I Should Be Dismissed.

This is not the typical abandonment case in which a party claims that a mark is no longer in use and, therefore, that the registration is dead wood that should be pruned from the registry. Rather, HLVP argues that the HIGHLINE mark – which, it concedes, is actively used – should be treated as abandoned because the actively-used HIGHLINE mark often, though not always, is used along with other words and designs. That, HLVP contends, is a new type of abandonment – it is abandonment caused by too much use, rather than no use at all.

HLVP's novel theory is supported by neither the facts nor the law. Although HLVP recites the threadbare elements of a claim for abandonment, those conclusory allegations are insufficient to survive a motion to dismiss for three reasons. First, they are implausible because the factual assertions are belied by HLVP's own submission. The HIGLINE mark is not abandoned; rather, it is repeatedly used, including, significantly, as a stand-alone word.

Second, the allegations are unsupportable as a matter of law because Highline's use of the HIGHLINE mark as part of its full name and logo constitutes use of the mark.

2

Third, although this was HLVP's second attempt at stating a claim, it still has failed to assert a key element of an abandonment claim:  that Highline has no intention to resume use of the HIGHLINE mark in the foreseeable future.  Because there are two required elements to prove abandonment – both that the owner is not using the mark and that the owner has "no intent . . . to resume use in the reasonably foreseeable future" – HLVP's failure to meet even the minimum pleading requirements dooms its claim.  *Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.,* No. 13-CV-3137-ER, 2014 WL 3377107, *8 (S.D.N.Y. July 7, 2014) (quoting *Stetson v. Howard D. Wolf & Assocs.*, 955 F.2d 847, 850 (2d Cir. 1992)); *see also Dragon Bleu (Sarl) v. Venm, LLC*, 112 U.S.P.Q.2d 1925 (T.T.A.B. 2014) (dismissing abandonment claim where plaintiff failed to adequately plead both non-use and intent not to use).

HLVP's Amended Counterclaims do not meet these pleading standards.  HLVP has not offered any effective rebuttal to Highline's argument in its Moving Brief that, as a matter of law, HIGHLINE is currently in use as a trademark.  Nor has HLVP alleged a single fact from which a plausible inference can be drawn that Highline has no intent to reuse its mark.  HLVP's sole argument, that these issues should be deferred until trial because they raise issues of fact, fails because facially meritless arguments are properly rejected at the motion to dismiss stage.

A.   **HLVP's Counterclaims Themselves Show Use of the HIGHLINE Mark.**

HLVP's allegation that Highline "has failed to use the HIGHLINE word mark," Am. Counterclaims ¶ 2, cannot plausibly give rise to a claim of abandonment when the pleadings themselves, and the exhibits attached to the pleadings, reveal the exact opposite.  *See, e.g., Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) ("If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Berry v. City of New York*, No. 00-2834, 2002 WL 31045943, *8 (S.D.N.Y. June 11, 2002) ("when a

written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"). There is no question of fact that must be deferred until trial.

The pleadings and exhibits attached to HLVP's Amended Counterclaims plainly show HIGHLINE in use. Exhibit A (excerpts of which are shown below) is a copy of Highline's webpage as of March 25, 2015 and displays HIGHLINE in use as a standalone mark. HLVP's contention to the contrary is not only implausible; it is impossible.

### B.  HLVP's Claim that Highline's Full Name and Logo Use Constitutes Abandonment is Implausible and Unsupportable.



Also without merit is HLVP's assertion that Highline has abandoned its HIGHLINE mark because it frequently uses the mark in conjunction with its full name, Highline Capital Management, LLC, and with its design logo, both as shown at right. Am. Counterclaims, Ex. A; *see also id*. Exs. B-C. Indeed, HLVP admits in its Amended Counterclaims that Highline uses the HIGHLINE mark, albeit in conjunction with the logo and its full name. *Id.* ¶¶ 16, 18-20.

HLVP's argument that use of the mark in connection with other words or design elements constitutes abandonment is wrong as a matter of law. As discussed in Highline's moving brief – and not addressed in HLVP's Opposition – use of a registered trademark in conjunction with generic elements, such as "Capital Management," does not constitute non-use. Moving Br. at 9-11; *see Granny's Submarine Sandwiches, Inc. v. Granny's Kitchen, Inc.*, 199 U.S.P.Q. 564, 567-68 (T.T.A.B. 1978) (registration of GRANNY mark was proper even though specimen showed use of mark in conjunction with the word "kitchen").[1]

---

[1]  HLVP's suggestion that *Granny's* does not apply because it was decided after discovery, on a factual record, misses the point. The significance of *Granny's* is that use of the GRANNY'S mark along with the descriptive term "kitchen" did not change the fact that the

4

Use of a mark along with another mark (like the H design) is also permitted, and does not constitute abandonment. *Gen. Foods Corp. v. Ito Yokado Co.*, 219 U.S.P.Q. 822, 824 (T.T.A.B. 1983) ("Nor is there anything in our jurisprudence which obligates a trademark owner, in order to avoid abandonment of its registered mark, to use the mark by itself."). In *General Foods*, the Trademark Trial and Appeal Board, confronting an identical issue, stated:

> [W]hether opposer has or has not used the bird design by itself is irrelevant to the abandonment issue in view of the fact – uncontested by applicant – that it has extensively and continuously used the design mark in association with the word mark "BIRDS EYE" as a composite mark on the goods for which the bird design is registered throughout the life of such registration and, indeed, for many years prior thereto.
>
> Applicant's abandonment claim is founded in the first instance on the alleged non-use by opposer of the mark subject of the registration sought to be cancelled. Its fundamental defect is that there is no non-use. . . .

*Id*. HLVP concedes that Highline uses the HIGHLINE mark in conjunction with its logo (another registered trademark). Am. Counterclaims ¶¶ 16, 18-20. Therefore, as in *General Foods*, the "fundamental defect" in HLVP's Amended Counterclaims is that "there is no non-use." Because the pleadings themselves show that Highline does in fact use the HIGHLINE mark, HLVP's argument fails as a matter of law.

In the face of these legal and factual challenges to its counterclaim, HLVP is left to argue only that there is a question of fact as to whether Highline's use of HIGHLINE constitutes trademark use such that dismissal is inappropriately premature. Opp'n at 13-14. That argument

---

GRANNY'S mark was used. Discovery is not needed to see that Highline uses its mark. *Granny's*, moreover, said nothing about the legal equivalents doctrine that the Supreme Court addressed in the context of trademark tacking in *Hana Fin., Inc. v. Hana Bank*, 135 S. Ct. 907 (2015). This case is not about tacking – there are no allegations that Highline modified its HIGHLINE mark and needs to rely on its old use for trademark priority, and thus there is no old logo that needs to be deemed legally equivalent to its new logo. Rather, this counterclaim presents a straightforward claim of abandonment, and this court should exercise its gatekeeper role under *Iqbal* and *Twombly* to dismiss this implausible claim.

is wrong as a matter of law.  Second Circuit precedent makes clear that the question of trademark use is ripe for consideration on a motion to dismiss.  *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (trademark use may be adjudicated at the motion to dismiss stage where facts necessary to establish the claim or defense are evident on the face of the complaint); *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 530-31 (S.D.N.Y. 2013) (same); *Arnold v. ABC, Inc.*, No. 06CIV1747GBD, 2007 WL 210330, at *3 (S.D.N.Y. Jan. 29, 2007) (same).

In considering whether the pleadings show sufficient trademark use to mandate dismissal, the court should be guided by the principle that use of a term to attract public attention constitutes "trademark use." *JBCHoldings NY*, 931 F. Supp. 2d at 531.[2]  Here, such efforts to attract attention are evident from the face of HLVP's Amended Counterclaims.  Below are just two examples included in HLVP's exhibits:



Ex. A     Ex. B

Both examples show the term "Highline" being used on a website to attract public attention and not as a mere trade name:  It appears (1) in a stylized font different from the text on the rest of the page, (2) in a prominent location at the top of the page, and (3) proximate to a graphic or design element.  *See, e.g., Health Food Assocs., Inc. Naturalife Eco Vite Labs., Inc.*, 2005 WL 2451676, *5 (T.T.A.B. 2005) ("Paragon Laboratries" used as mark when "Paragon" is shown in large, distinctive stylized font but "Laboratories" is not); *see also* Moving Br. at 9-11 (other examples of trademark use by Highline that appear in the pleadings).

In sum, the court need look no further than HLVP's own pleadings and exhibits to determine that its conclusory allegations of non-use are simply not plausible.

---

2  A term may be considered both a trade name and a trademark. *Martahus v. Video Duplication Servs., Inc.*, 3 F.3d 417, 421 (Fed. Cir. 1993) ("A trade name which also has significance as either a trademark or a service mark may be registered.").

### C.    HLVP Has Failed to Sufficiently Plead Intent Not to Resume Use.

A third independent reason to dismiss Count I is that HLVP has failed to allege any facts[3] that plausibly support the critical allegation that Highline has no intent to resume use. Because an intent not to resume use is a necessary element of an abandonment claim, the failure to plead facts that support that element is fatal to HLVP's counterclaim.

Perhaps because HLVP now realizes that it failed, in its amendments, to fix this additional pleading deficiency, HLVP tries to argue that the allegation that Highline is not using the mark is sufficient to create an inference of intent not to resume. It makes that argument with reference to two paragraphs from its Counterclaims:

> 18. As reproduced infra, the HIGHLINE word mark does not appear as a standalone trademark on Highline Capital's website. . . .
>
> 20. On information and belief, Highline Capital does not advertise, market, or promote its service using the HIGHLINE word mark. Instead, on information and belief, Highline Capital uses its 'HIGHLINE CAPITAL H' composite word and design mark, the phrase 'Highline Capital Management,' and/or the phrase 'Highline Capital Management, LLC' to advertise, market, and promote its services.

Opp'n at 9 (quoting Am. Counterclaims ¶¶ 18, 20) (citations omitted).

That argument, though, is nonsensical. First, because one of the two elements of a claim for abandonment is non-use, it cannot be the case that asserting non-use gives rise to a presumption that there is also no intent to resume use. If that were the case, abandonment would not need two elements, as proof of non-use would always satisfy the second element as well. *Privado Mktg. Grp. LLC,* 2014 WL 3377107, at *7 ("Since nonuse and abandonment are not equivalent concepts, the claim cannot survive on the nonuse allegation alone.").

---

[3]    The allegation in paragraph 17 of the Amended Counterclaims that "Highline Capital has no intent to resume using the HIGHLINE word mark" is precisely the type of conclusory allegation that *Iqbal* says is insufficient. 556 U.S. at 678.

7

Second, the argument makes no sense in the context of a claim of abandonment that is based on too much rather than too little use. Highline's conduct – which includes repeated use of the HIGHLINE mark – evidences its strong intent to continue to use the HIGHLINE mark, not to abandon it. In the unlikely event that this court were to rule that Highline's use of HIGHLINE along with its H logo and the generic term "CAPITAL" is insufficient to maintain trademark rights in HIGHLINE, then Highline could immediately cure that problem by making increased use of HIGHLINE, standing alone (as it already does to some degree, Am. Counterclaim Exs. A, C). Thus, HLVP's allegation of non-use cannot plausibly support an inference that Highline has no intent to use HIGHLINE, standing along, should that become necessary. HLVP has, therefore, failed to allege one of the key elements of its claim for abandonment.

## II.     Count II Should Be Dismissed.

Count II, seeking an order directing the Trademark Office to remove the HIGHLINE mark from the trademark registry, fails to state a claim for relief because there is no legal basis for such relief. HLVP's bald allegation that "private claims for relief indeed can be asserted under 15 U.S.C. § 1119" is simply not correct. Rather, as made clear in a case cited by HLVP in its Opposition, HLVP must allege valid grounds to warrant rectification of the register. *Menper Distribs., Inc. v. Germa Prods., Inc.*, No. 11-21792, 2011 WL 2983716, *4 (S.D. Fla. Jul. 22, 2011) ("In order to prosecute successfully a petition for cancellation, petitioner must prove . . . that there are valid grounds for discontinuing registration."). HLVP simply has not alleged any valid basis in Count II on which to support rectification of the register.

As an incontestable mark, the HIGHLINE registration can be challenged only on the limited bases listed in Section 33(b) of the Lanham Act. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 203 (1985) (authority of courts under Section 37 to cancel incontestable registrations and otherwise rectify register is limited to those bases on which incontestability can

be challenged under 15 U.S.C. § 1115); *see also Levi Strauss & Co. v. GTFM*, 196 F. Supp.2d 971, 981, 983 (N.D. Cal. 2002) (refusing to rectify register because defendant did "not articulate a legally sufficient basis for canceling or rectifying [plaintiff's] incontestable registrations"; "[i]f a challenger were permitted to raise any and all non-enumerated defenses under the guise of 'equitable principles,' incontestable status would be superfluous, and incontestability would add nothing to the protections against cancellation already provided in § 1064."). An incontestable mark cannot be challenged for mere procedural defects or because, as HLVP alleges, the Trademark Office erred in accepting the submitted specimens of use.

HLVP's reliance on *Patsy's Italian Restaurant, Inc. v. Banas*, 508 F.Supp.2d 194 (E.D.N.Y. 2007) does not change the analysis. In *Patsy's*, the defendants pled a legitimate cause of action, permitted under the Lanham Act, as the basis for rectification. HLVP has not done so in this case; thus, its conduct is much more like the plaintiff in *Manganaro Foods, Inc. v. Manganaro's Hero-Boy, Inc.*, 2002 WL 1560789, *10 (S.D.N.Y. 2002), who pled no legitimate cause of action and accordingly found its claims dismissed.[4] That result is consistent with other cases as well. *See, e.g., Airs Aromatics LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 598-99 (9th Cir. 2014); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98-99 (2d Cir. 2011).

It is true that a claim for abandonment is a basis for rectification under Section 37. But, if that were the claim, there would be no reason for Count II since that already is HVLP's claim in Count I. *Nike*, 663 F.3d at 98-99. Further, if Count II was simply another claim for abandonment, then it would be dismissible for all the same reasons that Count I should be dismissed.

---

[4] HLVP's attempt to distinguish *Manganaro Foods* on the basis that plaintiff was seeking to add a mark to the register, as opposed to cancel a mark from the register (like HLVP seeks here), is inapposite. A court must have valid grounds to order any change to the register.

9

Because it knows that Count II has to stand independently, HVLP has stated that it does not seek rectification on the ground of abandonment; rather, it claims, "Count II is for rectification of the U.S. Trademark Register pursuant to 15 U.S.C. § 1119 on the grounds of Highline Capital's failure to comply with Section 8 of the Lanham Act when filing the Declaration of Use and Application for Renewal with the PTO." Opp'n at 4 (quoting Am. Counterclaim ¶ 26). That justification for Count II fares no better because there is no private cause of action to challenge noncompliance with Section 8 generally, *see* Moving Br. at 12-13, and such a claim is clearly unavailable where a mark is incontestable. 15 U.S.C. §§ 1064, 1115. Count II thus alleges no valid basis for rectification and should be dismissed.

## CONCLUSION

For the foregoing reasons, Highline's motion to dismiss HLVP's Amended Counterclaims should be granted.

Dated: New York, New York
       June 29, 2015

    Respectfully submitted,

    By:  /s/ David H. Bernstein
    David H. Bernstein
    Matthew E. Fishbein
    Megan K. Bannigan
    David J. Sandler
    DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
    New York, New York 10022
    (212) 909-6696

    L. Donald Prutzman
    TANNENBAUM HELPERN SYRACUSE
      & HIRSCHTRITT LLP
    900 Third Avenue
    New York, New York 10022
    (212) 508-6700

    *Attorneys for Plaintiff and Counterclaim Defendant Highline Capital Management, LLC*