

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

July 6, 2015

<u>VIA ECF</u>

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Highline Capital Management, LLC vs. High Line Venture Partners, L.P. et al.*, 15 Civ. 660 (VEC)**

Dear Judge Caproni:

Upon reflecting on this afternoon's telephone conference with the Court, I wanted to ensure that the record is entirely clear about the Plaintiff's document requests.

At today's conference, Your Honor asked whether Plaintiff had sought in discovery the names of Defendants' investors. Plaintiff had made clear, during a meet and confer with opposing counsel on May 26, that it objected to providing the names of Plaintiff's investors and that it was seeking information only about Defendants' class of investors and not their names (which we also informed Defendants we had produced about Plaintiff's investors). In response to Your Honor's follow up question, Defendants' counsel, while not addressing the discussion at the meet and confer, responded by raising Plaintiff's Request for Production No. 30 (dated April 28, 2015), which sought "All documents concerning any discussions or communications with Defendants' investors or companies in which Defendants have invested concerning the High Line name, including but not limited to its selection, clearance and use."

So the record is absolutely clear, the Court should be aware that, in addition to Request for Production No. 30, Plaintiff did, in its earlier Document Request No. 2 (dated March 31, 2015), seek "Documents sufficient to identify each investor in any of the High Line Entities and the amounts invested." Plaintiff subsequently dropped its request for the names of the investors in the meet and confer referred to above.

www.debevoise.com

Honorable Valerie E. Caproni                    2                         July 6, 2015


   Although I wanted to make sure the record is clear, this information about the discovery record should not affect the Court's ruling.  The fact remains that the probative value of the names of Plaintiff's investors is minimal at best, while the prejudice would be substantial.  Moreover, to the extent that Your Honor raised the issue of the symmetry or asymmetry of the document requests, Defendants' disclosure that they have no investors or funders apart from the two founding partners (already publicly identified) hardly justifies Plaintiff having to disclose the highly sensitive and confidential names of the hundreds investors in its hedge funds, and subjecting them to their investments being disclosed to third parties and to their being subpoenaed for deposition or otherwise contacted by Defendants.



                                        Respectfully submitted,

                                        */s/ Matthew E. Fishbein*

                                        Matthew E. Fishbein