

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

July 15, 2015

BY ECF

Honorable Valerie E. Caproni, United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Highline Capital Management, LLC v. High Line Venture Partners, L.P. et al.*,
15 Civ. 660 (VEC)

Dear Judge Caproni:

      I write of behalf of our client Highline in response to High Line's letter of July 14, 2015 (*Dkt*. 60).

      None of the arguments raised in High Line's letter is grounds for Your Honor to revisit your July 6 ruling that Highline is not required to disclose its highly confidential and sensitive investor list to High Line so that High Line can subpoena or otherwise contact Highline's investors. As Your Honor held, information about *current* investors is not relevant to potential confusion by *future* investors. To the extent the reaction of Highline's current investors may have any limited relevance to any of the issues in this case, the severe prejudice to Highline of producing that information, and of allowing High Line to subpoena or otherwise contact those investors who expect confidentiality and discretion in their investments, far outweighs any probative value of the information sought.[1] *Prophet Capital Mgmt, Ltd. v. Prophet Equity, LLC*, 2010 WL 2005986 (W.D. Tex. 2010). Defendants' letter simply rehashes the arguments they made on the call and does not warrant reconsideration of the Court's ruling.

---

[1] Defendants mischaracterize both Mr. Doft's testimony and what I previously said to the Court regarding concerns about confusion by existing investors. Consistent with my statement to the Court, Mr. Doft, Highline's CEO, explained at his deposition that the concern about confusion by potential investors is much greater than for existing investors, because existing investors have a conduit through which to ask questions. Although we do not believe that this matter justifies extensive submissions to the Court, Highline is prepared to submit the transcript of Mr. Doft's deposition should the Court wish to review his testimony directly.

Honorable Valerie E. Caproni                                       2                                         July 15, 2015

      Although we do not believe the parties' discussions during their meet and confer session has any impact on the probative and prejudicial nature of this request, as I indicated on the call, Plaintiff made clear during the parties' May 26 meet and confer that, although it was seeking information ***about*** Defendants' investors, it was no longer seeking ***the names*** of Defendants' investors.  The three attorneys for Plaintiff who were on the call all have a clear recollection of this because this was a critically important issue to our client, and it is reflected in our notes.  Although we think this "he said/she said" dispute between counsel as to what was said in the meet and confer session is extremely distasteful, if Your Honor has any doubt about our representation, we are willing to submit our notes for in camera review.  As for Defendants' citation to a May 11 letter, that obviously was sent prior to the May 26 meet and confer.  The compromise discussed on the May 26 call is apparent from our June 17 letter where, instead of seeking names of Defendants' investors, we asked for documents "sufficient to identify the nature, location, wealth or sophistication of the client, customers or investors the High Line Entities perform financial services on behalf of."

      High Line may be dissatisfied with this Court's ruling, but that is not a basis for the Court to now revisit this issue yet again simply because High Line now cites some additional cases that it did not raise during the July 6 conference.  In any event, those cases do not address the question of whether a company should be compelled to disclose its ***investor list***.  Although "investors" may be "customers," lists of investors who have chosen to invest millions of dollars through private, confidential limited partnerships, and who expect discretion and privacy in their investment decisions, pose far greater confidentiality concerns than, for example, a list of customers who purchased a watch.  As the court explained in *Prophet Capital*, defendant's request to contact its investors would lead to little relevant information but it would "subject Prophet Capital to annoyance, oppression, and undue burden and expense." *Id*.  The *Prophet Capital* court emphasized that investors expect confidentiality; if defendant tried "to depose or otherwise contact Prophet Capital's investors (as here), such action could significantly interfere with the trust that these investors place in Prophet Capital." *Id*.

      For these reasons, there is no basis for Your Honor to revisit your ruling on this issue.

      Respectfully submitted,

      */s/ Matthew E. Fishbein*

      Matthew E. Fishbein
      *Counsel to Highline Capital Management LLC*

cc:     All Parties (via ECF)