

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

July 31, 2015

<u>VIA ECF</u>

Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

***Highline Capital Management, LLC v. High Line Venture Partners, L.P. et al.*, 15 Civ. 660 (VEC)**

Dear Judge Caproni:

     We write this letter, on behalf of Plaintiff and Counterclaim Defendant Highline Capital Management, LLC ("Highline"), to seek leave of Court for permission to take three additional depositions of third-party entities, pursuant to Rules 26(b)(2)(C) and 30(a)(2)(A)(i).  Since the parties' call with Your Honor on July 20, 2015, the parties have met and conferred over this issue both in person and through email and have not been able to come to a reasonable and fair solution to avoid these depositions.

     As noted on the July 20th call, early in the litigation, Defendants presented Highline with a list of third-party entities they contend weaken Highline's trademark rights and militate against a finding of trademark infringement by Defendants.  Through the work of a private investigator, Highline has learned that all are either defunct, unable to be located or, in the case of the third-party entities that are the subject of this letter, involve remote services that are different from the services offered by Highline, such as leasing, accounting and personal real estate holdings, and, unlike Defendants, do not impose a risk of likelihood of confusion with Highline's business.  Because Defendants have indicated that they will object on hearsay grounds to our investigator's testimony to facts that he has learned from conversations with representatives of these third party entities, Highline has served subpoenas on them to ensure that this evidence will be admissible at trial.

     Although it is clear that the parties will dispute the significance of the facts gathered from these third-party entities, there can be no actual dispute of fact as to the names of the entities or the services that they conduct.  Highline, therefore, has

Honorable Valerie E. Caproni              2                    July 31, 2015

made various suggestions to Defendants that would allow this information to be collected without the need for depositions, including (i) joint calls between the parties' respective investigators and the third parties, (ii) affidavits from the third parties, (iii) stipulations regarding the services or (iv) simply agreeing that neither party will present any evidence at all at trial regarding the existence of these third parties.  Defendants have rejected each proposal, stating they will agree only to allow the investigators to testify to topics for which they have personal knowledge and authenticate certain public records, such as websites or public filings, reviewed by the investigators.  That is not a workable solution; it would allow Defendants to introduce evidence at trial as to the existence of these entities, but prevent Highline from presenting sufficient evidence to establish what the entities (many of which do not have websites or public filings) actually do..

      Accordingly, Highline is left no choice but to seek to conduct depositions of the third-party entities.  The addition of these depositions brings the number of depositions that Highline seeks to take to thirteen.  Pursuant to Rules 26(b)(2)(C) and 30(a)(2)(A)(i), the Court should allow additional depositions where (1) the discovery sought is not unreasonably cumulative or duplicative, (2) the party seeking discovery has had not had opportunity to obtain the information by discovery in this action or (3) the likely benefit of the discovery outweighs the burden or expense.  *See also* Fed. R. Civ. P. 30 Advisory Note ("Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)").  Here, all three factors weigh decidedly in favor of allowing Highline to take the three additional depositions.

      Highline further notes that Defendants have represented that the list of third-party entities previously provided is a mere "sample" of third party entities on which they intend to rely on trial, but, to date, have failed to produce a more complete list, contending only that the complete list will be presented in "due course" and that its investigator will produce a report or notes at an unspecified date.  Given these belated developments, Highline reserves its right to move to reopen fact discovery, as necessary, to investigate and refute any newly added evidence, and/or to object to the admissibility of this belatedly-produced evidence at trial.

      Highline thanks the Court for its attention to this matter and is available at the Court's convenience to answer any questions that may arise.

                                      Respectfully submitted,

                                      */s/ Matthew E. Fishbein*
                                      Matthew E. Fishbein

cc:      All Parties (via ECF)