# Kenyon & Kenyon

**Erik C. Kane**
Direct 202.220.4294
ekane@kenyon.com

Kenyon & Kenyon LLP
1500 K Street, NW Suite 700
Washington, DC 20005
202.220.4200
Fax 202.220.4201

July 31, 2015

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Judge, S.D.N.Y.
40 Foley Square, Room 240
New York, New York 10007

**RE:** *Highline Capital Management, LLC v. High Line Venture Partners, et al.*,
**C.A. No. 15-cv-660 (VEC) (SDNY)**

Dear Judge Caproni:

      We are writing in response to Plaintiff's letter to the Court of July 31, 2015. As discussed during the July 20, 2015 teleconference with Your Honor, Defendants object to Plaintiff taking depositions in excess of those provided by the Federal Rules or beyond the discovery cut-offs set forth in the Court's July 20, 2015 Order (Dkt. 64).

      Plaintiff unreasonably seeks to depose seven third parties in addition to six other depositions of party and other third party witnesses. The seven third parties plaintiff seeks to depose are but a few examples of third party entities that use the name Highline or High Line in providing financial or other services. As Defendant indicated during the teleconference, there are numerous entities called Highline (134 registered in New York State alone) providing analogous and non-analogous goods and services (all of which would be relevant to the strength of plaintiff's dilution claim). Plaintiff has not attempted to justify why it needs to depose these seven particular entities out of the hundreds (if not thousands) of Highlines that exist. Plaintiff's only suggestion as to why it needs to depose these particular entities is because Defendants disclosed this list of examples to Plaintiff in pre-litigation correspondence in the context of settlement communications subject to Fed. R. Evid. 408.

      In terms of the timing of depositions and the close of discovery, Plaintiff has had the list of third parties since October 31, 2014, and yet Plaintiff waited until July 1, 2015, over 8 months and just 19 days before the close of fact discovery (as then set, Dkt. 52) before even beginning the process of obtaining third party discovery by serving subpoenas on such third parties. Plaintiff should not now be heard to complain about the timing or the close of discovery as any delay is due to its own failures.

With respect to Plaintiff's demand that Defendants immediately identify all the third party witnesses it will rely on at trial, that is clearly premature. Defendants have yet to determine precisely the evidence upon which they intend to rely at trial and Defendants may or may not rely solely on the particular list of seven entities they initially provided as examples. The identities of other companies using "Highline" in the market are as readily available to Plaintiff as to Defendants, so it is clear that Plaintiff is asking to invade Defendants' attorneys' work product – namely their ongoing investigations into the claims. However, that is precisely what the attorney work product doctrine has been developed to protect. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947) (specifically dealing with investigations of third parties).

Defendants have disclosed the list of all third party users of "highline" within their custody or control, as well as the identity of their outside investigator who is being made available for deposition along with his reports or written findings in advance of his deposition[1]. If an expert witness were to include references to third parties in her report not already produced by virtue of one of the preceding methods, that information also would be produced to Plaintiff pursuant to Fed. R. Civ. Pro. 26(a)(2).

Plaintiff's request suggests that any time a trademark defendant makes a crowded field argument, there would be justification for deposing every single third party relied on by such defendant. Such a holding would be untenable given the nature of such evidence presented in trademark cases. *See e.g., Pan American World Airways, Inc. v. Panamerican School of Travel, Inc.*, 648 F. Supp. 1026, 1034 (S.D.N.Y. 1986) (assessing strength of plaintiff's mark based on 340 third party listings in the telephone directory). Obviously, as noted in *Pan American*, the nature of the evidence such as a telephone directory listing may be of limited value, but it does not diminish its relevance. That does not, however, open the door to abusing the discovery process. Under Plaintiff's argument, in *Pan American* the plaintiff should have been free to depose all 340 third parties relied on by the defendant in that case. That is untenable and not commensurate with the probative value of such evidence. Fed. R. Civ. Pro. 26(b)(2)(C)(iii). In contrast, Defendants are willing to stipulate that to the extent they intend to provide testimony of such third parties, Plaintiff could depose such third parties in advance of trial (provided Plaintiff makes a reciprocal stipulation for its third party testimony).

Defendants have tried to work on an amicable solution to eliminate or curtail the number of depositions by proposing stipulations regarding what private investigators can authenticate. For example, private investigators could authenticate public records and websites found during their investigations. Moreover, the private investigators could testify as to their own personal knowledge regarding findings in their investigation. For example, Plaintiff suggests that many of these entities are defunct. If that is true, then its private investigator could present his factual findings (*e.g.*, if phones are disconnected, entity vacated premises, secretary of state office administratively dissolved entity, *etc.*). In many circumstances, this may eliminate the need to present third party testimony from a number of these entities.

However, what Defendants cannot stipulate to is allowing the admission into evidence of hearsay. Plaintiff wishes to depose these individuals because its private investigator cannot testify as to hearsay conversations with third parties. However, if plaintiff needs to rely on

---

[1] Despite repeated requests, Plaintiff has not confirmed availability of its private investigator for deposition.

hearsay, there are other mechanisms in place for doing so. *See e.g.,* Fed. R. Evid. 703 (plaintiff could present an expert that could rely on hearsay in formulating an opinion).

      As such, there is no need for Plaintiff to take 13 depositions in this case or to allow such depositions to be scheduled past the fact deposition cutoff, a date stipulated to by all parties for completion of fact depositions. (Dkt. No. 64).

                                      Respectfully submitted,

                                      /s/ Erik C. Kane
                                      Erik C. Kane

cc: All Counsel of Record (*via ECF*)