

**Edward T. Colbert**
Direct 202.220.4280
ecolbert@kenyon.com

Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC  20005-1257
202.220.4200
Fax 202.220.4201

September 28, 2015

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge, S.D.N.Y.
40 Foley Square, Room 240
New York, New York 10007

RE: *Highline Capital Management, LLC v. High Line Venture Partners, et al.*, C.A. 15-cv-660

**Defendants' Request for Leave to Move for Summary Judgment**

Dear Judge Caproni:

      We represent all Defendants and Counterclaim Plaintiff High Line Venture Partners (collectively, "HLVP") in the above-referenced trademark infringement action.

      This letter concerns HLVP's previous request for leave to move for summary judgment.  Specifically, in the parties' August 21, 2015 joint status letter, HLVP requested leave to move for summary judgment on the grounds that it is "not offering any services and therefore [is] not engaging in any actionable conduct under the claims raised by Plaintiff in this action."  *Dkt.* 68.  On September 2, 2015, Your Honor granted HLVP leave to file a five-page letter motion in further support of its proposed summary judgment motion by September 25, 2015.  *See Dkt.* 69.

      HLVP has decided not to move for summary judgment, notwithstanding its belief that this action is ripe for summary dismissal in its favor.  HLVP's decision is based on the exigencies of the Court's schedule for this action.  Specifically, Plaintiff Highline Capital Management, LLC's ("HMC") response to HLVP's above-referenced five-page letter motion would have been due October 2, 2015.  *See Dkt.* 69.  Expert discovery does not close until October 27, 2015, and the trial of this action is scheduled to begin on December 7, 2015.  *See Dkt.* 64.  Thus, even if HLVP filed its summary judgment moving papers on October 28, and the parties followed Local Civil Rule 6.1(b)'s 21-day default briefing schedule, the Court would only have approximately two weeks to rule on HLVP's motion before trial.  Under the current schedule (*Dkt.* 64), all pretrial preparation would have already taken place by the time that any summary judgment motion would have been fully briefed.  Thus, there would be little efficiencies saved by briefing the matter twice in conjunction with the summary judgment motion and pretrial proposed findings of fact and conclusions of law.  Accordingly, rather than disrupt this action's remaining case management schedule, HLVP will wait to present its defenses to HCM's claims at trial on December 7.

      If the Court has any questions concerning the above, please do not hesitate to contact me.

      Respectfully submitted,

      */s/ Edward T. Colbert*
      Edward T. Colbert

cc: All Counsel of Record (*via ECF*)