```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------------- X  DATE FILED: 10/1/2015
                                                              :
HIGHLINE CAPITAL MANAGEMENT, LLC ,                            :
                                                              :      15-CV-660(VEC)
                              Plaintiff,                      :
                                                              :          ORDER
              -against-                                       :
                                                              :
HIGH LINE VENTURE PARTNERS, L.P., HIGH LINE                   :
VENTURE PARTNERS II, L.P., HIGH LINE VENTURE                  :
PARTNERS GP, LLC, HIGH LINE VENTURE                           :
PARTNERS GP II, LLC, and SHANA FISHER ,                       :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
                                                              :
HIGH LINE VENTURE PARTNERS, L.P., HIGH LINE                   :
VENTURE PARTNERS II, L.P., HIGH LINE VENTURE                  :
PARTNERS GP, LLC, HIGH LINE VENTURE                           :
PARTNERS GP II, LLC, and SHANA FISHER ,                       :
                                                              :
                              Counter-Claimants,              :
                                                              :
              -against-                                       :
                                                              :
HIGHLINE CAPITAL MANAGEMENT, LLC ,                            :
                                                              :
                              Counter-Defendant.              :
                                                              :
------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Highline Capital Management, LLC ("HCM"), a hedge fund, alleges that Defendant High Line Venture Partners, L.P. ("HLVP"), a venture capital firm,[1] is liable for

---

[1] HLVP's principal and related entities that utilize variations of the same name are also defendants in this action.

infringement of HCM's federally-registered trademark. HLVP counterclaimed for cancellation and rectification of the registered trademarks alleging that HLVP abandoned the disputed wordmark. HCM moved to dismiss the amended counterclaims for failure to state a claim. For the following reasons, HCM's Motion to Dismiss, Docket Entry 48, is GRANTED.

## BACKGROUND[2]

HCM is the owner of the federally-registered trademark "HIGHLINE" for use within "the financial services industry in the nature of investment fund management." Defs. Am. Ans. Countercl. ¶¶ 13, 14. On October 30, 2001, the United States Patent and Trademark Office ("PTO") registered HCM's service mark, "HIGHLINE" for use in "financial services in the nature of investment fund management." At that time, HCM represented that it had been using the mark in commerce since July 1995. Compl. Ex. A. HCM uses the trademark in connection with its investment fund management business, to which it offers investors the opportunity to invest in privately-managed investment vehicles. Compl. ¶¶ 13-14.

Pursuant to 15 U.S.C. §§ 1058 and 1065, on November 2, 2007, HCM submitted to the PTO a Notice of Acceptance and a Notice of Acknowledgement for the "HIGHLINE" mark to demonstrate that the 2001 mark was still being used in commerce. Decl. David Sandler Ex. B. The specimen submitted with the filing was an image of HCM's website using a logo that contained the text "Highline Capital Management, LLC." Am. Ans. Ex. B. In 2009, HCM was granted a registered service mark for a graphic composite "consist[ing] of the element 'Highline' in stylized typeface followed by a stylized letter 'H' above the element 'Capital' in stylized typeface" ("Highline Capital H"). Compl. Ex. B. HCM filed a Notice of Acceptance and a

---

[2] For purposes of this motion, the Court accepts as true the facts alleged in the amended counterclaim and draws all reasonable inferences in HLVP's favor. The Court may consider the pleadings, documents attached to the pleadings or incorporated by reference therein, and documents that the pleadings rely so heavily on that they may properly be considered "integral" to the pleadings. *DiFolco v. MSNBC LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Notice of Renewal on February 26, 2011, to demonstrate continued use and to renew the 2001 trademark pursuant to 15 U.S.C. §§ 1058 and 1059.  Decl. David Sandler Ex. C.  The specimen demonstrating continued use was an image of HCM's website that displayed the 2009 service mark in a banner at the top of the page with a block of text under an "About Us" heading.  Defs. Am. Ans. Ex. B.[3]  *Id.*  The text contained the phrase "Highline Capital, LLC" once and the word "Highline" five times.  *Id.*[4]

HLVP's first counterclaim alleges that, pursuant to 15 U.S.C. §§ 1115(b) and 1064(3), HCM abandoned the 2001 "Highline" mark, because it failed to use the word "Highline" as a standalone mark in commerce for three consecutive years.  Defs. Am. Ans. ¶¶ 11-24.  HLVP's second counterclaim alleges that the specimen of use submitted to the PTO failed to satisfy the standards of 15 U.S.C. § 1051 because it failed to demonstrate that the word "Highline" was used in commerce as a standalone mark and seeks an order directing the PTO's director to rectify the U.S. Trademark Register by removing the improperly-granted "Highline" mark from registration.  *Id.* ¶¶ 26-37.

## DISCUSSION

**I.      Legal Standard**

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss [a complaint]."  *Revonate Mfg., LLC v. Acer Am. Corp.,* No. 12-CV-6017(KBF), 2013 WL 342922, at *2 (S.D.N.Y. Jan 18, 2013).  A claim that relies only on "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement"

---

[3]     Plaintiff has a separate federally registered trademark for "HIGHLINE CAPITAL," No. 3,676,129.  Compl. ¶ 15, Ex. B.

[4]     In support of its counterclaims, HLVP submitted a similar image of HCM's website.  *See* Defs. Am. Ans. Ex. A.

3

does not satisfy the pleading standard of Federal Rule of Civil Procedure 8(a).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Twombly*, 550 U.S. at 555-56).  A plausible claim does not require "detailed factual allegations" but should contain more than just "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In evaluating the facial plausibility of a counterclaim, the court accepts as true all material facts alleged in the counterclaims and draws all reasonable inferences in defendants' favor.  *See Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001).  If, however, there is a contradiction between the factual allegations and the document on which the counterclaim relies, "the document controls and the court need not accept as true the allegations" of the counterclaim.  *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232-33 (S.D.N.Y. 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994); *see also Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981).

## II.     HLVP Does Not Plausibly Allege That the Mark Was Abandoned

To state a claim for trademark abandonment, a party must plausibly allege (1) that the owner of the mark has not used the mark in commerce[5] for at least three consecutive years and

---

[5]     "The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark."  15 U.S.C. § 1127.  To demonstrate use in commerce, a party does not need to show any particular sort of use.  *Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013).  For an investment management firm, use on the company's website would be sufficient.

(2) that the party has no intention to resume using the mark. *See* 15 U.S.C. § 1127. HLVP's first counterclaim fails plausibly to allege either element.

HLVP alleges that, "as shown in" exhibits annexed to the pleading, HCM's "specimens of use filed in connection with maintaining and renewing" the "Highline" registration "do not show use of the stand-alone HIGHLINE word mark." Defs. Am. Ans. ¶ 16. This claim lacks facial plausibility for two reasons. First, the exhibit that HLVP submitted purportedly to demonstrate that HCM does not use the standalone mark, in fact, shows standalone use of the mark. *See* Defs. Am. Ans. Countercl. Ex. A. The standalone word "Highline" appears twice in text in the image of HCM's website. *Id.*[6] The Court is not required to accept as true HLVP's allegation that the word "Highline" is not used by itself when that allegation is facially contradicted by the document upon which it relies. *See Barnum*, 850 F. Supp. at 1232-33.

Second, the counterclaim fails plausibly to allege that using the words "Capital" or "Management" following the word "HIGHLINE" does not constitute use of the word mark "Highline" in commerce. "A trademark is a proper adjective designating a particular thing and distinguishing it from other like things, *i.e.*, it identifies the product of a particular manufacturer or merchant and distinguishes it from products of others."[7] *In Re the Chase-Shawmut Co.,* 120 U.S.P.Q. (BNA) ¶ 320 (P.T.O. Feb. 11, 1959). Because HCM is an investment management firm that manages capital, the addition of the words "Capital" or "Capital Management, LLC" is

---

[6] Specifically, the text states: "Highline Capital Management, LLC, is a New York City-based investment firm that focuses on mid and large capitalization U.S. equities long and short. Since its establishment in 1995, *Highline* has performed fundamental research to create portfolios with attractive risk/return profiles. *Highline* prides itself on producing a successful risk-adjusted track record relative to comparative U.S. equity market indices." Am. Ans. Countercl. ¶ 18 (emphasis added).

[7] The "HIGHLINE" mark is a service mark that distinguishes services provided by one person from services provided by another. Compl. ¶ 1. Service marks are governed by the identical legal standards as trademarks that distinguish goods and products from one another. *See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 343 (2d Cir. 1999).

"purely descriptive" and "does not affect the origin-indicating function of the mark." The addition of "Capital" and "Management", instead, simply flesh out exactly what financial services are offered by Highline. *Granny's Submarine Sandwiches, Inc.*, 199 U.S.P.Q. (BNA) ¶ 564 (P.T.O. May 24, 1978) (holding that the addition of the word "kitchen" to a restaurant's mark served a descriptive function and did not constitute a different use of the mark). The addition of descriptive nouns does not change the commercial impression of the mark and does not allege a claim for abandonment. Therefore, HLVP has not plausibly alleged that HCM abandoned current use of the "HIGHLINE" mark in commerce.

Even if HLVP had adequately alleged non-use, HLVP's claim would fail because its contention that HCM has no intention to resume using the mark lacks factual support and does no more than recite an element of an abandonment claim. *Twombly* and *Iqbal* clearly establish that parties must allege more than an element of a claim couched as a factual allegation to survive a motion to dismiss. *Twombly*, *550* U.S. at 555; *Iqbal*, 556 U.S. at 678. HLVP does not allege any facts to support its assertion that HCM does not intend to resume using the mark (apparently assuming that the current use does not suffice), nor does it give the court any hint of what possibly comprises its "information and belief" to support this element of abandonment. Taken together with the fact that HLVP did not plausibly allege that HCM ever stopped using the "HIGHLINE" mark, HLVP's first counterclaim fails to state a claim to relief.

**2.     HVLP is Unable Plausibly to Allege a Claim for Rectification of the Trademark Register**

The crux of HLVP's claim for rectification of the trademark register is identical to its abandonment claim. HLVP alleges that HCM's submissions to the PTO office do not show use of the standalone mark in commerce, and, thus, because HCM failed to demonstrate to the PTO its continuing use, the "HIGHLINE" mark is no longer valid.

Just as with the abandonment claim, the pleadings fail plausibly to allege that HCM's specimens did not facially demonstrate use of the "HIGHLINE" mark. The court's reasoning for rejecting HVLP's arguments that in-text use of "HIGHLINE" and "HIGHLINE" preceding the words "Capital" or "Capital Management, LLC" do not constitute use in commerce under the Lanham Act applies equally to the rectification claim and does not need to be repeated. HLVP's claim for rectification also fails to state a claim to relief.

## CONCLUSION

For the foregoing reasons, Plaintiff Highline Capital Management, LLC's Motion to Dismiss Amended Counterclaims is GRANTED, and the counterclaims are DISMISSED. The Clerk of Court is respectfully directed to terminate Docket Entry 48.

**SO ORDERED.**

**Date: October 1, 2015**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**